68 327
51a 280

PARTON v. McADOO, *Appellant.*

**Practice, Civil:** ERRONEOUS INSTRUCTIONS, NO GROUND FOR REVERSAL, WHEN. An instruction which is objectionable, because it ignores an issue in the case, is no ground for reversal, where all the other instructions directly and fairly present such issue, and the jury have not been misled thereby.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

*Patterson & Barker* for appellant.

*John S. & James R. Waddill* for respondent.

HENRY, J.—Plaintiff, Parton, sued defendant on an account for $92.50, balance alleged to be due on a bill of lumber sold by plaintiff to defendant.

Plaintiff owned a tract of land in Greene county, and his brother and one Martindale placed a saw-mill on the land, and became indebted to plaintiff for logs furnished, money advanced for them, &c , and sawed lumber for them on account of such indebtedness.   The defendant had acted as agent for Martindale & Parton in selling their lumber, but he complained, in presence of plaintiff on one occasion, that they did not furnish promptly orders for lumber which he sent them, and plaintiff told him if he would get good bills he would fill them.   The evidence is contradictory as to whether defendant accepted the proposition.   A short time after the conversation, defendant made an order in writing for 10,000 feet, signed by himself but addressed to no one, and handed to a teamster employed by Martindale & Parton to haul lumber, who delivered it to plaintiff instead of Martindale & Parton.

The lumber was delivered by plaintiff on the order, but not until a portion of it was delivered, was defendant aware that plaintiff was furnishing it.   Defendant had a demand against Martindale & Parton for commissions and money paid for them, and insisted upon retaining a sufficient amount of the money due for the lumber furnished by plaintiff to pay his claim against Martindale & Parton.

The court gave several instructions for plaintiff, and as many for defendant.   The second given for plaintiff, standing alone, was objectionable.   It declared that "the question to consider was, whether plaintiff furnished the lumber and the defendant received it, knowing it to be plaintiff's lumber, if he received the proceeds and failed to account to plaintiff."   This ignores the question of agency.   If defendant was acting as agent for Martindale & Parton, and plaintiff filled the bill for them, defendant was not liable to plaintiff.   But all the other instructions,

as well for plaintiff as defendant, distinctly presented that issue to the jury. The fourth for plaintiff declared: " That if the defendant received the lumber and the proceeds, though at the beginning he may have believed the lumber was from Martindale & Parton, yet, if at any time during the delivery he was informed that plaintiff was delivering the lumber, and that he was neither partner nor agent of Martindale & Parton, and defendant still continued to receive the same after such notice, he is chargeable with all received after such notice." In harmony with this, were all the instructions given for defendant, and we cannot think it possible that the jury were misled by the second instruction given for plaintiff. It is a very indefinite, and by no means lucid instruction, and a jury would be very apt to look to others for guidance rather than to this.

The verdict was for plaintiff, and we see no good reason for disturbing it. Judgment affirmed. All con- concur.

AFFIRMED.