THOMPSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Pleading** : PRACTICE: PARTIES. Where all of several tenants in common do not join in an action of *quare clausum fregit,* the defendant cannot take advantage of it after having gone to trial, but must plead it in abatement.

2. ——— : ——— : ———. Under our practice, when a defect of parties appears on the face of the petition, it must be taken advantage of by demurrer, and if it does not so appear, by answer ; and if not thus taken advantage of, the objection is deemed to be waived.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

*M. A. Low* for appellant.

The motion for a new trial should have been sustained. The objection to the non-joinder of Field was taken at the proper time and in the proper manner. *Little v. Harrington,* 71 Mo. 390 ; *Seip v. Tilghman,* 23 Kas. 289.

*Anderson & Carmack* for respondent.

NORTON, J.—This was an action commenced before a justice of the peace, to recover damages for injury done to a crop of ungathered corn. The plaintiff recovered judgment before the justice, and the defendant appealed to the circuit court, where, on trial anew, the plaintiff introduced testimony tending to prove that during the crop season of 1878 he cultivated in corn a part of George W. Field's farm ; that Field was to have one-half of the corn, when gathered, as rent; that during the months of September and October of that year, while the corn was standing in the field, ungathered and undivided, hogs entered the field through a defective fence along defendant's road, and damaged the corn to the extent of $30, of one-half of which plaintiff was the owner. Field was not a party to the suit.

Defendant asked the court to declare the law as follows:

1. Inasmuch as plaintiff's proof shows that the corn, injured and destroyed, was not harvested at the time of the injury, but was standing and growing on the lands of G. W. Field, and was the joint property of plaintiff and said Field, and undivided, the plaintiff cannot recover in this action, and the finding ought to be for defendant.

2. Under the pleadings and the evidence in this cause, the finding and judgment ought to be for defendant.

These instructions the court refused, and, thereupon, rendered judgment for the plaintiff, from which defendant has appealed.

Conceding (without so deciding) as counsel for defendant contends, that the corn destroyed was the joint property of Field and plaintiff, and that Field should have been made a co-plaintiff, the fact that he was not, cannot be taken advantage of after the parties have gone to trial on the merits, so as to force a nonsuit. It was held in the case of *Rich v. Penfield*, 1 Wend. 380, approvingly cited by this court in the case of *Van Hoozier v. Railroad Co.*, 70 Mo. 145, that when there are several tenants in common, and all do not join in an action of *quare clausum fregit*, the defendant cannot take advantage of it at the trial, but must plead it in abatement, and this is the general rule in actions for torts. The only advantage which can be taken of the non-joinder upon the trial, is by way of apportionment of the damages. It is not ground for a nonsuit.

Under our practice, when the defect of parties appears on the face of the petition, it must be taken advantage of by demurrer, and if it does not so appear, by answer; and if not thus taken advantage of, the objection is deemed to be waived. This case seems to have been twice tried on its merits, once before the justice and once in the circuit court and, so far as the record shows, no motion was made, based on the ground that there was a defect of parties, and no advantage was sought to be taken of the non-joinder till

after the cause was tried on its merits, and the advantage then asked was, that the plaintiff should be nonsuited.

Judgment affirmed. All concur.