THE STATE OF MISSOURI EX REL. MARY E. JOHNSON, Respondent, v. VIRGIL TRUE ET AL., Appellants.

Kansas City Court of Appeals, January 4, 1886.

1. PRACTICE—DEFECT OF PARTIES—MODE OF RAISING OBJECTION. When there is a defect of parties, appearing upon the face of the petition, advantage thereof must be taken by demurrer ; and if the same does not so appear, the objection must be taken by answer. But if no such objection is thus taken, the defendant shall be deemed to have waived the same. Rev. Stat., sect. 3519. " The only advantage which can be taken of the non-joinder upon the trial is by way of the apportionment of the damages. It is not ground for reversal." *Thompson v. Ry. Co.*, 80 Mo. 521.

2. —— INSTRUCTIONS—HOW CONSIDERED.—Instructions must be regarded as a whole, and if, considered together as a series, they are not calculated to mislead, "a mere conclusion, based on the ground that they are not all embraced in a single instruction cannot avail the plaintiff in error as a ground of reversal." *Noble v. Blount*, 77 Mo. 235.

3. FRAUD—RULE AS TO TRANSACTIONS BETWEEN PARENT AND CHILD. Where a sale of property is made by a parent to a child, the law does not regard it as a badge of fraud to be rebutted by the child claiming the property. Relationship is not a badge of fraud. Courts of equity, for the protection of *minor* children, look with jealousy upon gifts and sales *by* such minors to the parent, but this is for the protection of the unmanumitted child against the influence of parental authority. The rule is not applicable to purchases of property *by* the child from the parent, it was not designed to protect the parent, nor to let in his creditors as against the child.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The case and facts are sufficiently stated in the opinion of the court.

H. LANDER and S. P. HUSTON, for the appellants.

I. The petition and all the testimony show that if Mary E. Johnson had any interest in the property, it

was undivided. In such case she could not alone maintain the suit. Bliss on Code Pleading, sects. 61, 62; 2 Barbour on Parties (2 Ed.), sect. 2, p. 266; Brown on Parties, 209; *Little v. Harrington*, 71 Mo. 391. This is an action in contract on the bond. In such case the objection may be made at the trial, without pleading it. *Smoot v. Wathen*, 8 Mo. 525.

II. The obligation sued on is a joint one, and all must join in a suit to recover. The bond is six hundred and thirty-five dollars. Different claimants could not recover beyond that sum, yet a recovery by one would be no bar nor measure for the recovery by another. In such cases all must join, not as a formal matter of pleading, but because non-joinder goes to the merits of the whole case. *Robbins v. Ayres*, 10 Mo. 538; *Dewy v. Cary*, 60 Mo. 225; *Clark v. Cable*, 21 Mo. 223; *Fowler v. Kennedy*, 2 Abb. 347.

III. Plaintiff's *first* instruction is erroneous. It does not cover the whole case, nor even submit the question of fraud. So is his *second* instruction, since it submits sale and *control* instead of possession, and was calculated to, and did mislead the jury. It was also omitted requiring that the "*control*" (or possession), should be *continuous* thereafter.

IV. In cases where sales are made by a *parent to a child*, fraud is *presumed*, and the burden is on the beneficiary to establish "good faith." It is a *badge of fraud*. *Goldsby v. Johnson*, 85 Mo. ———

A. W. MULLINS, for the respondents.

I. The suit was properly brought. The bond was given under the provisions of section 2366, Revised Statutes. *Stewart v. Thomas*, 45 Mo. 42; *State to use, etc., v. Morton*, 18 Mo. 53. And again, bonds of this character are embraced within section 590, Revised Statutes, and any person aggrieved, * * * may prosecute a suit thereon, whether joined or not with other persons also interested therein. And subsequent suits may, also, be brought on such bonds. Ample provision is made in

the statute for the protection of securities, * * * beyond the amount of the penalty of the bond. Sects. 585, 589, p. 92.

II. The defendants cannot *now* be heard on the question of defect of parties. They neither raised that question by demurrer nor by answer in the trial court. It was, therefore, waived. Section 3519, Rev. Stat. ; *Walker v. Deaver*, 79 Mo. 664 ; *State to use, etc., v. Sappington*, 68 Mo. 454 ; *R. R. Co. v. Anthony*, 73 Mo. 431.

III. The instructions given by the court, taken as a whole, presented the issues to the jury in a very favorable manner to the defendants. They must be regarded together. *Karle v. R. R. Co.*, 55 Mo. 476 ; *Noble v. Blount*, 77 Mo. 235 ; *Moore v. R. R.*, 73 Mo. 438 ; *McKeon*, 43 Mo. 405.

IV. It is not the law, that "where sales are made by a *parent to a child*, fraud is *presumed*, and it is not a badge of fraud." "Relationship is not a badge of fraud." Bump on Fraud. Con. (3 Ed.) 56, and cases cited.

PHILIPS, P. J.—The sheriff of Linn county, under execution, seized certain personal property, consisting of farm products, as the property of James Johnson. Claim being made thereto by Mary E. Johnson, daughter of the said James, the sheriff took.from the plaintiff in execution the statutory bond. This action is instituted on said bond in the name of the state, at the relation of said Mary, to recover the value of the property so taken. The petition alleged that the property belonged to said Mary and one Samuel Johnson, absolutely, as tenants in common, the interest of claimant being an undivided one-half.

The answer denied ownership in claimant, and further pleaded that the property, in fact, belonged to said James Johnson, and that the claim of Mary was fraudulent, the sale made to her by said James being in fraud of the rights of the creditors of said James.

Judgment was recovered by plaintiff, and the defendants have appealed.

I.   The principal error relied on for a reversal of this judgment is the assumption that Mary Johnson, to whose use this action is brought, is a joint owner with Samuel Johnson in the property, and, therefore, the action cannot be maintained without said Samuel being joined as co-plaintiff.

Waiving any discussion of the fact that the obligation sued on is made to the state of Missouri as the obligee, and that the state sues as the trustee of an express trust, and also waiving any discussion of the provisions of the statute which authorize any person injured to maintain suit on the obligation, it is a sufficient answer to appellant's contention that the code of practice (section 3519, Revised Statutes), expressly provides that when a defect of the character in question appears on the face of the petition, advantage thereof shall be taken by demurrer ; and if the same does not so appear, the objection shall be taken by answer.   But if no such objection is thus taken, '' the defendant shall be deemed to have waived the same.''   This has been the uniform construction of this provision by the supreme court.   See authorities collected in *Walker v. Deaver et al.*, 79 Mo. 672. This precise question arose in *Thompson v. Ry. Co.* (80 Mo. 521), a case quite parallel, in principle, with this. The court says :   "The only advantage which can be taken of the non-joinder upon the trial is by way of apportionment of the damages.   It is not ground for a reversal.''

The defendants, neither by demurrer nor answer, raised the question of the non-joinder in the lower court. The objection cannot, therefore, avail the appellants on appeal.

II.   Complaint is made of the action of the court in giving instructions for plaintiff.   The objection to the first instruction is, that it did not submit to the jury the whole of the issues arising on the evidence and pleadings. This objection would be well taken had there been no instructions given predicated of the defendant's proof. But the court very fully submitted the other questions

in the case in instructions given on behalf of defendants. Instructions must be regarded as a whole, and if considered together as a series they are not calculated to mislead, "a mere conclusion based on the ground that they are not all embraced in a single instruction cannot avail the plaintiff in error as a ground of reversal." *Brown v. Ins. Co.*, 68 Mo. 133; *Parton v. McAdoo*, 68 Mo. 327; *Karle v. R. R. Co.*, 55 Mo. 476; *Noble v. Blount*, 77 Mo. 235, 239; *Moore v. R. R. Co.*, 73 Mo. 438.

III. Objection is made to the second instruction, which told the jury, on the matter of Mary Johnson's purchase of the property from the defendant in execution, that if they found that within a reasonable time thereafter plaintiff took control of said property, etc. The criticism is that it should have employed the word "possession" instead of "control," as more comprehensive under the provisions of section 2505, Revised Statutes, and that the jury should have been further advised that such control must have been continuous. Viewing this instruction, however, in the light of the evidence, which strongly tended to show that she did take such possession, and that it was continuous, and considering it in connection with another instruction given on behalf of defendants, we cannot perceive that the jury were possibly misled by its phraseology. The second instruction given on the part of the defendants told the jury:

"2. In order to constitute a valid sale, by a vendor of goods or personal property in his possession, the sale must be accompanied by delivery to the purchaser within a reasonable time, and be followed by an actual and continual change of the possession of the thing sold, and in this case, even though the jury believe from the evidence that Mary E. Johnson may have purchased an interest in the property described in the petition, yet unless such purchase was accompanied by delivery to her in a reasonable time, and that thereafter there was such an open, notorious, and unequivocal change of possession, from James Johnson to Mary E. Johnson, that the public could not be misled as to who was in the actual posses-

sion of the property, then there was no valid sale, even though the purchase may have been made in good faith, and the jury are bound to find for the defendants."

This was all the defendants could reasonably demand touching this issue.

IV. The defendants also complain of the third instruction given at plaintiff's request, because it told the jury that fraud was not to be presumed, but must be established by proof, etc. Appellant contends that where a sale of property is made by a parent to a child, the law regards it as a badge of fraud, to be rebutted by the child claiming the property. I do not so understand the law. The books say that relationship is not a badge of fraud. Bump on Fraudulent Conveyances, 56, and cases cited. Courts of equity, for the protection of minor children, look with jealousy upon gifts and sales by such minors to the parent. This is for the protection of the unmanumitted child against the influence of parental authority, which is presumed to exist during minority. Kerr on Frauds, etc., 179, *et seq.*; Schoul. Dom. Rel., sect. 270. But there is no evidence in this record that Mary Johnson, at the time of the alleged transaction between her and her father, was under age. The law rather presumes in her favor that she was *sui juris.* I know of no such rule, as that invoked by appellant, as applied to the instance of purchases of property by such child from the parent. The rule was not designed to protect the parent, nor to let in his creditors as against the child. When she made proof of the purchase for a valuable consideration, if a creditor of the vendor would defeat the sale for fraud, the burden then devolved on him to establish the want of good faith. Especially must this be so when the evidence shows, as in this case, that the parent sold the property to the child for the very purpose of raising money with which to pay his debts, and that the proceeds were so applied. *McKinney v. Hensely,* 74 Mo. 326.

The merits of the case, under the evidence, were with the plaintiff, and the judgment of the circuit court is affirmed. All concur.