STATE EX REL. SAMUEL E. JOHNSON, Appellant, v. VIRGIL TRUE ET AL., Respondents.

Kansas City Court of Appeals, April 11, 1887.

1. ACTION—NON-JOINDER OF JOINT OWNERS OR CLAIMANTS—PLEADING.—It is the rule, at common law, that tenants in common of a chattel, should *join* in an action for any injury, trespass or wrong done to their joint property. This rule is not changed by the statute in this state. *Little v. Harrington*, 71 Mo. 390. And where the defect of the non-joinder of all the joint owners is apparent on the face of the petition, it is ground of demurrer.

2. ——— SUIT ON BONDS IN NAME OF STATE—CONSTRUCTION OF SECTION 2366, REVISED STATUTES.—There is nothing whatever in section 2366, Revised Statutes, to indicate a purpose on the part of the legislature to change the rule of practice, at common law and under the general code, requiring actions by tenants in common of a chattel, for an injury thereto, to join in the action. *State ex rel. v. Hesselmeyer*, 34 Mo. 76.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The case is stated in the opinion.

A. W. MULLINS, for the appellant.

I.    The court erred in sustaining the demurrer to the petition.    The suit was properly brought in the name of the State of Missouri to the use of Samuel E.

Johnson, and it was unnecessary to make either the sheriff or Mary E. Johnson a party thereto. The bond sued on was given under the provisions contained in section 2366, 1 Revised Statutes of Missouri, 1879, which provides that when personal property shall be seized by virtue of an execution, any person other than the debtor in the execution may deliver to the officer, making the seizure, a notice in writing, verified by affidavit, claiming such property, or any part thereof, setting forth therein the right, title or interest of the claimant in and to such property, the officer shall thereupon at once deliver a copy of the notice to the execution creditor ; and if such execution creditor shall fail to execute and deliver to such officer, a bond payable to the state of Missouri, with sufficient sureties, conditioned to indemnify such officer and claimant against all damages and costs that may accrue to such officer, or to such claimant, by reason of the seizure and sale of such property, the officer shall abandon such levy and release the property to the claimant. And such bonds may be sued on, at the instance of any person injured, in the name of the state to the use of such person, for any breach of the condition of such bonds ; and the damage which such person shall sustain shall be recovered thereon. Rev. Stat., sect. 2366; *Stewart v. Thomas*, 45 Mo. 42 ; *Barnes v. Webster*, 16 Mo. 258 ; *State to use v. Morton*, 18 Mo. 53 ; *State to use v. True et al.*, 20 Mo. App. 176.

II. Bonds of this character are embraced within section 590, Revised Statutes, providing that "any person aggrieved," etc., may prosecute suit, etc., "whether joined or not with other persons also interested therein." Rev. Stat., sects. 577, 580, 581.

III. Ample provision is made in the statute for the protection of securities, that they may not be required to make payment beyond the amount of the penalty of the bond. Rev. Stat., sects. 585, 589.

H. LANDER, S. P. HUSTON, for the respondents.

I. Tenants in common or joint owners of chattels must join in a suit for the common property or an injury thereto. Dicy on Parties [marginal] 382; Barbour on Parties [2 Ed.] sect. 2, p. 266; Brown on Parties, 209. The code has not in any respect changed this rule. *Little v. Harrington*, 71 Mo. 391; *Smoot v. Wathen*, 8 Mo. 525.

II. The same rule applies in cases where suit is instituted in the name of the state for the use of a party, where the substantive purpose is a recovery of damages on behalf of the relator. This question has been expressly decided in this state. *State to use v. Hesselmeyer*, 34 Mo. 76. This was a suit on an attachment bond given to the state. The court said, "upon the supposition that Fenton was jointly interested with Young in the property for indemnity, for the taking of which the bond was given, he ought to have been joined with Young as relator, and without him, there ought, in such case, to have been no recovery."

III. To all intents and purposes the statute makes suits of this character the private suit of the relator. Rev. Stat., 1879, sect. 583, p. 92.

A. W. MULLINS, in reply.

Whatever may be the proper construction to be given the statute upon which this suit is predicated as to the joinder of the two claimants, it was too late for the defendants to raise that question in this case. The rule of law is, that "if one of several part-owners of a chattel sue alone for a tort, and the defendant do not plead in abatement, the other part-owners may afterwards sue alone for the injury to their undivided shares, and the defendant cannot plead in abatement of such actions." 1 Chitty on Pleadings [14 Am. Ed.] 66, side p. 66; Whittelsey's Mo. Practice, 113; *Sedgworth v.*

*Overend*, 7 T. R. 279 · *Hill v. Gibbs*, 5 Hill [N. Y.] 56 59, note *a*.

Philips, P. J.—This is an action on an indemnifying bond given by defendants to the state, for the protection of the sheriff, and the relator and one Mary E. Johnson. The sheriff, under a writ of execution to the use of the defendant, True, levied on certain personal property as the property of the defendant in execution. Notice of adverse claim thereto was given him by the relator and Mary E. Johnson, as tenants in common. Thereupon, pursuant to the provisions of section 2366, Revised Statutes, the said True, with the other defendants, executed to the state a bond to indemnify the sheriff and said claimants. The sheriff thereafter, having proceeded to sell the property as that of the defendant in execution, this action is brought, in the name of the state to the use of Samuel E. Johnson, on said bond, to recover damages for his undivided interest in said property.

To this petition defendants demurred, on various grounds, principal among which are, that the petition shows on the face that Mary E. Johnson is a tenant in common with said Samuel Johnson in the property in question, and she is not joined as one of the relators ; and because the bond sued on was given for the joint benefit of the joint interest of said Samuel and Mary Johnson, and the said Mary is a necessary party, etc. The court sustained the demurrer; and the plaintiff, standing on the petition, brings the case here on appeal.

It is distinctly stated in the petition that the property levied on by the sheriff was owned by Samuel and Mary Johnson as tenants in common, "each being the owner of an undivided one-half thereof." The petition also alleges that the indemnifying bond sued on recited that said property was claimed by said Samuel and Mary Johnson as their property ; and one of its conditions is, that if the obligors shall "pay and satisfy to

the said claimants all damages which they sustain in consequence of such seizure and sale."

I.   There can be no question as to the common law rule, that tenants in common of a chattel should join in an action for any injury, trespass or wrong done to their joint property.   Barb. on Parties, 266-7.   Nor is this rule changed by the code of practice.   *Little v. Harrington*, 71 Mo. 390.   The defect of the non-joinder of all the joint owners being apparent on the face of the petition, demurrer was the appropriate plea to hit the blot.

II.   It is insisted, however, with much ingenuity by counsel for appellant, that owing to the fact that, under the statutes, the state of Missouri is made the obligee in the bond, and the statute (section 2366, Revised Statutes), declares that such bond "may be sued on at the instance of any person injured," for the recovery of any damage sustained by him, this, in effect, makes the state the trustee of an express trust, and the suit might properly be brought by the state alone.   I am satisfied, on consideration, that this position is not tenable.   The bond in question, under the spirit and object of the statute, is for the sole benefit and protection of the claimant and the sheriff.   As the state is neither transient nor mortal, in the eye of the law, for convenience and safety to all concerned, it is made the nominal obligee, but to the express use of the sheriff and the claimants. The state has no interest in the matter; it never moves in such actions; but the claimants, without even asking its leave, employ its name as a nominal actor. The parties in interest are the relators, to whose use the action is brought.   They alone are answerable for the costs.

The policy and intent of the legislature in such enactments is made clear by reference to the statute concerning penal bonds.   Chapter 12, Revised Statutes, section 577, requires all suits on official bonds to be prosecuted in the name of the state, but it must be stated in

the process, pleading, etc., "that the same is brought at the relation and to the use of the person so suing." Then section 583 declares, that: "Every suit brought upon such official bond, to the use of the party aggrieved, and every judgment thereon, shall be deemed the private suit and judgment of the relator, in the same manner, in every respect, as if he were the nominal plaintiff, and such relator shall be liable for costs, as other plaintiffs." And, conformably to this rule, section 2366 declares, that "such bonds may be sued on, at the instance of any person injured, in the name of the state *to the use of such person*, for any breach of the conditions of such bonds." Separate suits may be brought by the parties injured, but this is where such interest is separate and several. While they may sue in the name of the state as relators, the parties in interest must join or not join as such relators, the same as if the statute permitted them to sue in their own name on such bond. There is nothing, whatever, in this section of the statute to indicate a purpose on the part of the legislature to change the rule of practice, at common law and under the general code, requiring actions, by tenants in common of a chattel for an injury thereto, to join in the action. So radical an exception and departure from recognized rules of law and pleading, if intended by the law-maker, would have been indicated by some more explicit term than can be found in this statute.

It occurs to me, that so far as this court is concerned, this controversy must be held to be settled against the contention of appellant by the decision of the supreme court, in *State ex rel. v. Hesselmeyer* (34 Mo. 76). The sheriff, under a writ of attachment, having seized certain property, claimed by Young and one Fenton, took one bond of indemnity. Young brought suit on this bond, in the name of the state—the obligee—to his use. The court, *inter alia*, say: "Whether the beneficial interest is joint or several, the petition does not show; and as it does not appear that it was joint,

the fault, if any exists, could not be reached by demurrer or motion in arrest of judgment, but ought to have been taken advantage of on the trial.    Upon the supposition that Fenton was jointly interested with Young in the property for indemnity, for the taking of which the bond was given, he ought to have been joined with Young as relator, *and without him, there ought,* in such case, *to have been no recovery.*"

III.   It is finally insisted by appellant, in reply, that as there was a similar action brought against these defendants, in the name of the state to the use of said Mary Johnson, in which she was permitted by defendants, without their properly raising the objection of the non-joinder of Samuel Johnson, to recover the damages for the injury to her undivided one-half interest, the defendants are now estopped to raise this question of non-joinder against the said Samuel Johnson ; citing 1 Chitty Plead. [14 Ed.] 66 ; Whittelsey Prac. 113]; *Sedgworth v. Overend,* 7 Term R. 279 ; *Hill v. Gibbs,* 5 Hill, 56–59, note 2.

Conceding, for the purpose of this case, that the rule of law invoked be correct, we do not perceive how the fact of such former recovery by Mary Johnson can be considered by this court.   We may know, as a matter of fact, that such case was in this court, and her judgment affirmed (20 Mo. App. 176) ; and that it was on the ground that defendants did not, in any form, plead the non-joinder of Samuel Johnson.   It is also true that counsel for respondents, in the case under review, state in their printed statement herein that the judgment in favor of said Mary Johnson was rendered prior to the trial of this cause.   But that is a mere voluntary statement of counsel, outside of the record, which this court cannot recognize and act upon.   The single question before us arises on the record, whether or not the trial court erred in sustaining the demurrer to the petition.   Our duty, under the statute, is to review the record of the lower court, and either affirm, or reverse,

or remand the cause, as error may, or may not, there appear. That record can neither be added to, nor subtracted from, in this court by any voluntary statements of counsel. If the plaintiff would avail himself of the fact of such former recovery by Mary Johnson, he should have amended his petition and pleaded it. Under this record, no such question can arise.

It, therefore, follows that the judgment of the circuit court must be affirmed. It is so ordered. All concur.