J. M. Bell, Executor, etc., Respondent, v. James F. Clark, Appellant.

Kansas City Court of Appeals, April 5, 1888.

1. Pleading—Action of Trespass by Executor—Sufficiency of Petition—Case Adjudged.—In a suit for trespass by an executor the petition alleged that the testator was the owner of the lands at said time. Since the owner of lands is presumed to be in possession until the contrary appears, and since the owner has constructive possession when no one else has actual possession, the allegation of the petition was equivalent to averring that the plaintiff's testator had, at the time alleged, the legal estate in fee in said lands, and the possession of them. The evidence showed ownership, as alleged, and that no one else had actual possession at the time of the acts complained of. *Held,* that the possession by the plaintiff's testator was sufficiently pleaded and proved.

2. Practice.— Judgment — Control of Court Over During the Term—Case Adjudged.—Trial courts have control over their judgments during the term at which they are entered. They have the power, at any time during such term, to set aside an erroneous judgment, and have entered in its stead the proper judgment. *Held,* that the court's action in this case was in accordance with the law.

3. ——— Pleading—Statute of Limitations, How Pleaded—Case Adjudged.—In order to make the statute of limitations available, it must be pleaded as a defence. Here the answer was a general denial.

Appeal from Cole Circuit Court, Hon. E. L. Edwards, Judge.

*Affirmed.*

Statement of case by the court.

This was an action, under section 3921, Revised Statutes, for trespass on lands. The trespass was alleged to have been committed by the defendants on the lands of the testator and in his life, by cutting down, injuring, and destroying and carrying away timber, trees, and ties, standing and growing on said lands.

The petition expressly averred that the plaintiff's testator owned the lands described, but did not aver that the testator was in possession of such lands, at the time of the alleged trespass.

James M. Clark made default. The defendant, James F. Clark, for himself, filed a general denial as his answer. The court instructed the jury that, if they found for the plaintiff, against the defendant, James F. Clark, they should assess the damages "at the value of the timber, trees, or ties, so cut down and carried away, not exceeding the sum * * * claimed in the petition." The jury returned the following verdict: "We, the jury, find the issue for the plaintiff, and assess his damages at the sum of one hundred and forty-five dollars and sixty-five cents."

The court thereupon entered a judgment in accordance with said verdict, for the sum named therein. Afterwards the plaintiff filed a written motion asking the court to render judgment in accordance with the statutes, and which was also prayed by the petition for treble the damages so found by the jury. The motion was granted and judgment was accordingly entered.

It was admitted that the plaintiff's testator died, as charged in the petition, on March 15, 1885. The original petition was filed in this case on April 24, 1885. The court, by an instruction, authorized the jury to find for the plaintiff, on account of any trespass committed by the defendant at any time within three years prior to the twenty-fourth day of April, 1885.

The evidence was not direct as to the time at which the trespass was committed. No controversy seems to have been made as to that matter. But the time of the trespass is plainly, although indirectly, shown by the evidence to have been committed during the life of the testator. T. H. B. Bell, a son of the deceased, testified that soon after the timber in controversy was cut he went to Cole county, Missouri, to look after the lands in

dispute, and learned that the timber had been cut by James M. Clark; and that said Clark informed him that he (Clark) had cut 2,913 ties on the lands in suit. There was no evidence of any other trespass. The defendant, James F. Clark, was connected with the trespass as an aider and abettor.

While in Cole county the said witness, as he testified, learned that a certain deed, necessary to complete the chain of his father's title to said lands, was not on record. He attempted unsuccessfully to obtain a quitclaim deed to supply the place of the missing deed. After that he found the missing deed in the possession of his father's agent, and had it recorded. The deed was recorded on the twenty-fifth day of November, 1884.

The lands in suit were unenclosed timber lands and were not shown by the evidence to have been in the actual possession of any one at the time of the alleged trespass, and they unquestionably belonged to the plaintiff's testator at said time.

W. S. POPE and GEORGE T. WHITE, for the appellant.

I. The court erred in not sustaining the demurrer interposed by defendant, J. F. Clark, at the close of plaintiff's testimony, because it was not proved that the trespass complained of was committed within three years next before the death of Wm. Bell, senior, and also because it was not averred that said Bell was in possession at the time of the trespass, or ever had been. *Deland v. Vanstone*, 26 Mo. App. 297; *Cochran v. Whitesides*, 34 Mo. 419; *Garner v. McCullough*, 48 Mo. 318; *Moore v. Perry*, 61 Mo. 174; *Frazer v. Roberts*, 32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363; *Clinton v. Williams*, 53 Mo. 141; *Brown v. Hartzell*, 87 Mo. 567.

II. The court erred in trebling the damages. *Ewing v. Leaton*, 17 Mo. 465; *Lebeaume v. Wolfolk*, 18 Mo.

514; *Herron v. Hornback*, 24 Mo. 492; *Shrewsbury v Bawtlitz*, 57 Mo. 414.

III. The first instruction given for plaintiff is wrong, because it tells the jury to find for plaintiff if the timber was cut at any time within three years before the twenty-fourth day of April, 1885, when the allegation is that Bell senior died on March 15, 1885. The second instruction is wrong in this, that it does not tell the jury that the cutting must have been done in the lifetime of Wm. Bell, and is too general in its terms. The third instruction is wrong, because it is too general, and does not confine the time of the cutting to the lifetime of Bell senior. The fourth instruction is open to the same objection as the others.

EDWARDS & DAVISON, for the respondent.

I. The petition is sufficient. Rev. Stat., sec. 2931; *Renshaw v. Lloyd*, 50 Mo. 368; *Henry v. Lowe*, 73 Mo. 96; *Brown v. Hartzell*, 87 Mo. 567.

II. The allegation of ownership was all that was required to maintain this action. *Renshaw case, supra.*

III. The objection that plaintiff could not sue for this trespass, could only be raised by answer. *Shockley v. Fisher*, 21 Mo. App. 551; *Dunn v. Railroad*, 68 Mo. 268; Rev. Stat., sec. 3519.

IV. The defendant cannot complain of the overruling of his demurrer to plaintiff's evidence, having supplied any supposed defect by his own testimony. *State v. Anderson*, 81 Mo. 78; *Dunn v. Railroad*, 75 Mo. 141; *Goodger v. Finn*, 10 Mo. App. 226.

V. The motion to treble the damages was properly sustained. *Holliday v. Jackson*, 21 Mo. App. 660. The instructions confined the jury to finding a verdict for the value of the timber, trees, and ties, cut and carried away, and their verdict is responsive to the instructions. *Henry v. Lowe*, 73 Mo. 96.

VI. The action of the circuit court in trebling the damages is not complained of as error in the motion for a new trial, and, therefore, cannot be urged in this

court.    It is unnecessary to cite the court to authorities in support of this proposition, as it has been the established rule in this state for years, and has never been departed from to our knowledge.    The motion for a new trial should have called the circuit court's attention to the error in trebling the damages claimed by appellant, and given it an opportunity to correct the alleged error, and not having done so, it is waived.    *Sweet v. Maupin*, 65 Mo. 65.    The object of this rule is to call the attention of the lower court to the point complained of, that it may correct its errors.    *State v. Rucker*, 59 Mo. 17 ; *Brady v. Connelly*, 52 Mo. 19 ; *Cover v. Thornhill*, 53 Mo. 283 ; *McCord v. Railroad*, 21 Mo. App. 92, 96 ; *Fox v. Young*, 22 Mo. App. 386 ; *Hill v. Alexander*, 77 Mo. 296.

VII.    Motion in arrest does not save exceptions to the action of the court.    It only goes to matters of record, and even for error apparent of record does not, in all cases necessarily as a matter of course, occur. *Sweet v. Maupin*, 65 Mo. 73 ; *White v. Caldwell*, 17 Mo. App. 91, and authorities there cited.

VIII.    The verdict, under the instructions of the court, could not have been for anything but the value of the timber, trees, and ties, cut down and carried away.    This finding was sufficient under the authorities above referred to.

IX.    The question of limitation was properly presented to the jury.    The petition was filed on the twenty-fifth day of April, 1885 ; the amended petition was filed in December, 1885, and Cox, from whom defendant pretends to have had license, received his deed either in July, August, or September, 1884—so that it was less than three years from the date of filing the amended petition until Cox received his deed.    The instructions have been fully sustained by the decisions of the courts of this state.    The first instruction is the law.    It tells the jury how to return the verdict, if for the plaintiff.    *Henry v. Lowe*, 73 Mo. 96, ; 21 Mo. App.

660; *Holliday v. Jackson, supra.* The second instruction is unquestionably the law. *Cooper v. Johnson,* 81 Mo. 484; *Williamson v. Fisher,* 51 Mo. 198; *McManus v. Lee,* 43 Mo. 206. There can be no objections to the fourth, fifth, and sixth instructions. There is no authority shown against their soundness in law, or their inapplicability to the case. The appellant, while he does not discuss the question in his brief, has copied the judgment entered by the clerk on the verdict, and the treble damage verdict also. The entry was irregular, but was not error. *Lane v. Kingsbury,* 11 Mo. 402. When the treble damage judgment is satisfied, the court would hardly permit the respondent to enforce the judgment for single damages improperly entered before the motions in the case were disposed of.

W. S. POPE and G. T. WHITE, in reply.

When the plaintiff closed his case in chief, and defendant, J. F. Clark, interposed his demurrer, not one word had been said about Wm. Bell having ever been in possession. Up to that time it had not been alleged nor proven that Wm. Bell had ever been in possession of the lands mentioned, and the demurrer, therefore, should have been sustained. The respondent is at fault in many assertions in regard to the record, as will be observed by reference thereto. He argues the question from a standpoint not disclosed by the record, and seems to inject his own feelings in the matter rather than any facts disclosed upon the trial of the case. We think that a careful examination of the authorities cited ˜by appellant will convince the court that the time in which the cutting was done should have been limited to three years before the death of Wm. Bell, and not three years next before the filing of the suit. Nor can we believe the court will approve the proceedings in this case, and allow both judgments to stand against us. The motion for a new trial was disposed of before the treble damage judgment was entered up, and in the motion in arrest the attention of the court was clearly

called to the irregularity. It is no answer to say "that when the treble damage judgment is satisfied, the court would hardly permit the respondent to enforce the judgment for single damages," etc. We imagine this court will not drive us to an action in chancery to secure rights that can as well be settled here.

## I.

HALL, J.—The objection made to the sufficiency of the petition on the ground that it failed to allege that the plaintiff's testator was in possession of the lands at the time of the alleged trespass is not well made. An express allegation of such fact was not necessary. The petition alleged that the testator was the owner of the lands at said time. Since the owner of lands is presumed to be in possession until the contrary appears, and since the owner has constructive possession when no one else has actual possession, the allegation of the petition was equivalent to averring that the plaintiff's testator had at the time alleged the legal estate in fee in said lands and the possession of them. *Renshaw v. Lloyd*, 50 Mo. 369. And, since the evidence all showed that said testator was the owner in fee-simple of the lands and that no one had the actual possession of them at the time of the acts complained of, said testator was, in contemplation of law, in possession, "his title drawing to it the possession." Such constructive possession was sufficient. *Brown v. Hartzell*, 87 Mo. 568, and cases cited. The possession by the plaintiff's testator was sufficiently pleaded and proved.

## II.

The statute, on which this action was based, provides that the person offending it "shall pay, to the party injured, treble the value of the thing so injured, broken, destroyed, or carried away, with costs." Rev. Stat., sec. 3921. The point is made that the verdict did not specify

the value of the thing taken, broken, etc., and that for that reason it was error for the court to treble the amount of the verdict. The court had told the jury to assess the plaintiff's damages, if they found for him, "at the value of the timber, trees or ties so cut down and carried away." The amount of damages returned by the jury in their verdict must be presumed to have been in obedience to such instruction, and to be what the jury found was the value of the timber, trees, and ties cut down and carried away. *Henry v. Lowe*, 73 Mo. 100. The cases cited by defendant's counsel in support of this point are not relevant, for the reason that in none of these cases was such an instruction given on the measure of damages.

The fact that the court entered judgment for the amount of the verdict upon its return is of no consequence. The court had control over such judgment during the term at which it was entered. The court had the power at any time during such term to have set aside the judgment if erroneous and to have entered in its stead the proper judgment. And that is all that the court did by sustaining the motion to treble the amount of the verdict and by entering the judgment accordingly. The effect of this new judgment was to set aside the first judgment.

## III.

The point is made that the evidence failed to show that the trespass was committed within three years before the death of the plaintiff's testator. So far as this point concerns the necessity of proof that the trespass was committed in the testator's life, it will have been observed from the statement of facts made by us that the point is based upon a mistake of fact, and that the necessary evidence was ample. So far as this point is based upon or refers to the statute of limitations, it is only necessary to remark that such statute was not pleaded as a defence. The answer was a general denial.

The judgment of the circuit court is affirmed. All concur.