85 ,433
102 ³400

JOHN M. EASTIN, Respondent, v. GEORGE L. JOYCE, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

1. **Justices' Courts: TRESPASS: STATEMENT: POSSESSION.** A statement in trespass before a justice of the peace which states that the plaintiff is the owner of the *locus in quo* sufficiently states his possession.

2. **Appellate and Trial Practice: AMENDMENT: SURPRISE: DISCRETION.** The matter of refusing a continuance on an affidavit of surprise made after the amendment of the statement during the trial, is largely within the discretion of the trial court, and the appellate court will not reverse on such ground unless there is abuse of discretion.

3. **Trial Practice: DEFECT OF PARTIES: WAIVER.** The failure to raise the objection of a defect of parties before going to trial waives such defect.

4. **Damages: TRESPASS.** Action of the trial court in giving and refusing instructions approved.

Appeal from the Linn Circuit Court.—*Hon. J. P. Butler,* Judge.

AFFIRMED.

*B. L. White, O. F. Libby* and *A. A. Bailey* for appellant.

(1) Plaintiff's own testimony shows that he was not the sole owner or in the exclusive possession of the fence torn down, but that he and Mrs. Howard owned the same as tenants in common and had a common possession. In all such

cases it is incumbent to make both tenants in common parties plaintiff. Omission to do so is fatal and defendant's demurrer to plaintiff's evidence should have been sustained.    2 Adison on Torts, sec. 1302; Dicy, Parties to Action, secs. 381, 382; State ex rel. Johnson v. True, 25 Mo. App. 451; Renshaw v. Lloyd, 50 Mo. 368; Little v. Harrington, 71 Mo. 390; Smoot v. Wathen, 8 Mo. 525; Cochran v. Whitesides, 34 Mo. 417. (2) The amendment made after plaintiff had rested his case and the evidence all in, allowing the plaintiff to recover on account of a trespass committed on block three (3) in Bryant's addition to Bucklin, Linn county, Missouri, was a total departure from the original complaint upon which the parties went to trial, which charged a trespass in tearing down a fence in block three (3) in Bucklin, Linn county, Missouri.    The evidence of plaintiff himself shows that there is a block three (3) in the original town plat of Bucklin and also one in Townes & Stunkle's addition to Bucklin, Linn county, Missouri.    The court should have granted the defendant a continuance of said cause of action after permitting the amendment asked by plaintiff, and especially after defendant had filed his affidavit of surprise.    Colhoun v. Crawford, 50 Mo. 458; Fields v. Maloney, 78 Mo. 172; Gibbons v. Steamboat, 40 Mo. 253; Drake v. Railroad, 35 Mo. App. 553; Kuh v. Garvin, 125 Mo. 547; Keltenbaugh v. Railroad, 34 Mo. App. 147; Pifer v. Stanley, 57 Mo. App. 516; Bartholow v. Campbell, 56 Mo. 117.    (3) The paper filed as a cause of action in this case fails to in any manner charge or aver possession of the *locus in quo* in plaintiff, but is an attempt to charge a cause of action in trover and conversion.    Appellant submits that a declaration in trespass is not good that does not aver and charge possession in plaintiff, and that an action for trover and conversion can not be maintained for tearing down a partition fence.    Deland v. Vanstone, 26 Mo. App. 297; Garner v. McCullough, 48 Mo. 318; More v.

Perry, 61 Mo. 174; Cochran v. Whitesides, 34 Mo. 417. (4) The appellant submits to the appellate court that the declarations of law given by the trial court do not present the law of the case and that it was error to give each of them.

*C. C. Bigger* and *F. W. Byrd* for respondent.

(1) Strictness of averment and technical precision in pleadings are not required in the statement of a case before a justice of the peace. The statement in this case, filed with the justice, was sufficient. And especially since the amendment made in the circuit court. Burt v. Warne, 31 Mo. 296; Boefer v. Sheridan, 42 Mo. App. 226. (2) The court committed no error in permitting plaintiff to amend the statement, filed before the justice of the peace, by adding the words, "Bryant's Addition to the town of," so as to make it conform to the facts proved. R. S. 1899, sec. 4079; Callaghan v. McMahan, 33 Mo. 111; Sage v. Tucker, 51 Mo. App. 336. (3) The statement alleges ownership of not only the fence destroyed and carried away, but the land on which it was situated. This was sufficient, for possession is presumed from the allegation of ownership. Renshaw v. Lloyd, 50 Mo. 368; Bell v. Clark, 30 Mo. App. 224. (4) The mere fact that a pleading is amended, does not of itself afford the adverse party grounds for a continuance; the question of continuance for an amendment to a pleading, rests within the sound discretion of the trial court, and unless it clearly appears that this discretion has been abused, the appellate court will not interfere. The amendment in this case was unimportant, and the trial court rightly refused a continuance by reason thereof. Keltenbaugh v. Railroad, 34 Mo. App. 147; State v. Sayers, 58 Mo. 585; Bartholow v. Campbell, 56 Mo. 117; Colhoun v. Crawford, 50 Mo. 458; Pifer v. Stanley, 57 Mo. App. 516.

SMITH, P. J.—This is an action which was commenced before a justice of the peace in which the statement is to the effect that on, etc., at, etc., defendant without leave and wrongfully entered on block (3) three in—Bryant's addition to the town of—Bucklin, Linn county, Missouri, part of which the plaintiff was then the owner, and then and there tore down and carried away a portion of the fence bounding the south side of the said J. M. Eastin's premises, and belonging to the said J. M. Eastin, by which acts and doings of defendant plaintiff was injured to the amount of $50, for which he asks judgment.

The cause was removed by appeal into the circuit court where there was a trial resulting in judgment for plaintiff from which defendant has appealed.

I. The defendant insists that the judgment should be reversed on the ground that the statement filed by the plaintiff before the justice is insufficient to support it in that it does not allege that plaintiff was in possession of the *locus in quo* at the time of the commission of the alleged wrongful act by the defendant.

It will have been observed that while the statement does not allege that the plaintiff was in *possession* it does allege that he was the *owner*. Since the owner of land is presumed to be in possession until the contrary appears, and since the owner has constructive possession when no one else has actual possession of it, the allegation of the statement is equivalent to an allegation that plaintiff had at the time alleged the legal estate in fee in the said land and the possession of it. Bell v. Clark, 30 Mo. App. 224; Renshaw v. Lloyd, 50 Mo. 368; Ware v. Johnson, 55 Mo. 500; Brown v. Hartzell, 87 Mo. 564; Crenshaw v. Ullman, 113 Mo. 633. The statement, we therefore think, was sufficient.

II. During the progress of the trial the court permitted the plaintiff to amend his statement as to

the description of the *locus in quo*—making it more specific. The defendant thereupon filed an affidavit alleging surprise and suggesting that the amendment made a material change in plaintiff's cause of action, and that he could not proceed with the trial on account of not being able before the next term of the court to procure the attendance of such witnesses as were required to sustain his defense to the amended cause of action, etc. The court declined to continue the cause and its action in so doing is complained of as error.

We can not discover that there was any such material change in the cause of action stated as entitled defendant, on the showing made in his affidavit of surprise, to a continuance. This was a matter very much within the discretion of the trial court, and unless we were satisfied, as we are not, that it committed an abuse of its discretion in refusing the continuance, we would not feel authorized to reverse the judgment on any such ground. Keltenbaugh v. Railway, 34 Mo. App. 147; State v. Sayers, 58 Mo. 585; Bartholow v. Campbell, 56 Mo. 117.

III. It is next contended that as it is disclosed by the evidence that plaintiff and one Mrs. Howard owned as tenants in common the block whereon the fence was situate which was torn down and removed by defendant there could be no recovery by the plaintiff without joining his said co-tenant with him as a co-plaintiff in the action.

But this objection was first raised by an instruction requested by defendant. After the parties had gone to trial it was then too late to raise it. Had it been timely made the plaintiff no doubt would, before proceeding further, have obtained leave to file an amended statement joining with him his co-tenant (R. S. 1889, sec. 6225; House v. Duncan, 50 Mo. 453) and thus secured a final disposition of the whole case on the merits. The defendant having failed to raise the objection of defect of parties before going to trial must be

assumed to have waived the defect.   Thompson v. Railway, 80 Mo. 521; Van Hoozier v. Railway, 70 Mo. 145; Stilwell v. Glascock, 47 Mo. App. 557; State ex rel. v. True, 20 Mo. App. 176.

The instructions given for plaintiff authorized a recovery for the reasonable value of plaintiff's undivided one-half interest in the fence removed by the defendant while those refused for defendant declared that the plaintiff could not recover for such undivided half interest.   There was no error in the action of the court in the giving of the one or in the refusing of the other.

The judgment will be affirmed.   Al concur.