J. C. NICHOLS, Defendant in Error, v. R. J. & W. M. BOYD CONSTRUCTION COMPANY and MISSOURI FIDELITY & CASUALTY COMPANY, Defendants, MISSOURI FIDELITY & CASUALTY COMPANY Plaintiff in error.

**Kansas City Court of Appeals, February 1, 1915.**

1. **PLEADINGS: Defect of Parties: Demurrer.** The plaintiff sued defendants on their bond to recover for labor and materials furnished by him. The defendant surety company alone appealed from a judgment rendered against it in the trial court, on the ground, first, that the action was not brought in the name of the proper party, and second, that the petition did not state a cause of action. *Held*, that where a defect of parties appears on the face of the petition, or where it appears that plaintiff has no legal capacity to sue, the objection must be made by demurrer, otherwise it will be deemed waived.

2. ———: **Amendments.** A petition, if it may be amended to state a good cause of action without changing the cause defectively stated, is good after verdict, regardless of defects which could have been remedied by amendment.

Error to Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*John P. McCammon* and *R. M. Sheppard* for plaintiff in error.

(1.) The charter provision under which this contract was given and executed by the plaintiff in error created a new obligation, a new right, and it provided a specific method of enforcing the rights created. When this is done, the remedy provided for enforcing the right in the act should be followed to the exclusion of all other remedies. Endlich on Interpretation of Statutes, sec. 465; Riddick v. Governor, 1 Mo. 147; City of Rochester v. Campbell, 123 N. Y. 414; 26 Am. & Eng. Ency. of Law (2 Ed.), p. 671; City of Clinton v. Henry County, 115 Mo. 569; Hickman v. City of Kansas, 120 Mo. 118; City of Pleasant Hill v. Dasher, 120 Mo. 680.

*Haff, Meservey, German & Michaels* and *Wm. S. Norris* for defendant in error.

(1) Inasmuch as the defect in parties, if it is a defect, appears on the face of the petition, the defendants have waived the objection that there is a defect of parties plaintiff, or that plaintiff has not the legal capacity to sue, by failing to raise the point by demurrer. Secs. 1800, 1804, R. S. 1909; State of Missouri v. Sappington, 68 Mo. 454; Farmers' Bank of Dearborn v. Fudge, 109 Mo. App. 186; Benne v. Schnecko, 100 Mo. 257; State ex rel. v. True, 20 Mo. App. 176; Dodson v. Lomax, 113 Mo. 555; Scott, Force Hat Co. v. Hombs, 127 Mo. 392; May v. Burke, 80 Mo. 675; Baxter v. St. Louis Transfer Co., 198 Mo. 1. (2) But without respect to the question of waiver, the suit was properly brought in the name of plaintiff. Sec. 1729, R. S. 1909; Ellis v. Harrison, 104 Mo. 276; City of St. Louis v. Von Phul, 133 Mo. 561; Divers v. Howard, 144 Mo. 671; Lumber Co. v. Schwartz, 163 Mo. App. 659, 147 S. W. 501; Uhrich v. Globe Surety Co., 166 S. W. 845.

JOHNSON, J.—This is an action on a contractor's bond to recover for labor and materials furnished by plaintiff to the contractor in the construction of a public sewer in Kansas City. A trial in the circuit court resulted in a verdict and judgment for plaintiff and defendant Missouri Fidelity & Casualty Company brought the case to this court on writ of error. The only points made by that defendant are, first, that the action "was not brought in the name of the proper party" and, second, that the petition fails to state a cause of action.

The suit was begun and prosecuted in the name of J. C. Nichols as plaintiff. The defendants are the R. J. & W. M. Boyd Construction Company, the contractor, and the Missouri Fidelity & Casualty Company, the surety on the contractor's bond. The petition alleges, and the proof shows, that a legal contract for the construction of a public sewer was entered into by Kansas City and the Construction Company, by the terms of which the sewer was to be built by the company according to plans and specifications on file for the consideration of $49,381, to be paid in special taxbills, that a certain part of the work was done by plaintiff under contract with the Construction Company and that the latter is indebted to plaintiff on account of such work, which was completed September 27, 1912.

Further, it is alleged that in the contract so entered into by the city, the defendant Missouri, Fidelity & Casualty Company, which executed the contract as surety, being named therein as a party to the contract, guaranteed that the contractor "should well and truly perform the covenants contained in said written agreement, and would pay for the work and labor of all laborers, subcontractors and teamsters, teams and wagons employed on the work, and for all materials

used therein, and said defendant, Missouri Fidelity & Casualty Company, further agreed in said contract that if the cost of such work and labor and materials was not paid in full by said defendant, R. J. & W. M. Boyd Construction Company, then the said defendant Missouri Fidelity & Casualty Company itself agreed to pay for said work, labor and materials, or any part thereof, which should not be paid by said R. J. & W. M. Boyd Construction Company within ten days after the money for said work, labor and materials became due and payable. And plaintiff says that it was further provided in said contract that such provision should entitle any and all laborers and teamsters and owners of teams and wagons who might do the work, and parties who might furnish materials on or for the improvements to be done under said contract, to sue and recover from said defendant Missouri Fidelity & Casualty Company the amount due or unpaid to them by said defendant R. J. & W. M. Boyd Construction Company, and said defendant Missouri Fidelity & Casualty Company agreed with Kansas City in said written contract that the said defendant R. J. & W. M. Boyd Construction Company would well and faithfully perform each and all the terms and stipulations in said written contract to be done, kept and performed on the part of the R. J. & W. M. Boyd Construction Company, but it was further provided that said defendant Missouri Fidelity & Casualty Company should not be liable on said guarantee on account of the materials used and labor done upon said work, beyond the sum of $49,381—the estimated cost of materials used and labor done upon said work.''

The allegations of the petition contain no reference to charter provisions of Kansas City relating to the taking of such bonds or the manner and time in which actions may be brought thereon by laborers, materialmen and subcontractors, nor any reference to

the completion of the sewer and its acceptance by the city. The undertaking of the surety as pleaded in the petition is the same as that expressed in the construction contract which was introduced in evidence. No reference is made in the instrument to the provisions of the charter upon which defendant relies for a reversal of the judgment and no such provisions were offered in evidence.

Sec. 19, Art. VIII, of the charter (see Charter and Ordinances of Kansas City, 1909, p. 332) provides that all contracts for making city improvements on streets, sidewalks, avenues or alleys, or for constructing sewers . .. . shall contain a covenant on the part of the contractor or contractors with the city to pay for the work and labor of all laborers, subcontractors . . . and for all materials used therein and the performance of such covenant shall be guaranteed by good and sufficient sureties signing the contract whose sufficiency shall be approved by the city comptroller, but who shall not be liable beyond the estimated cost of the materials used and the labor done upon the job to be stated in the contract.''

The contract under consideration contained such covenant, limited the liability of the surety to the contract price of the job and was approved by the city comptroller. The section proceeds with a provision authorizing those who furnish labor or materials for which the contractor fails to pay to recover on the undertaking of the surety ''in an action in the name of the city for their use . . . all money due them for labor and materials, or either, not exceeding the estimated cost of the labor and materials as stated in the contract; and such recovery may be had against the contractor and sureties, or either, as in chancery; . . . Judgments shall be rendered for the estimated cost of labor and materials as stated in the contract, and execution shall be awarded and issued for the

aggregate amount found due the laborers, subcontractors, teamsters and owners of teams and wagons, and the parties who have furnished materials, not exceeding the estimated cost in the contract, which shall be collected, with costs. The money shall, after paying costs, be divided and paid pro rata among those for whose use the judgment may be rendered. The court shall decide all questions as to distribution summarily on motion. No action shall be brought or prosecuted for the benefit of laborers, subcontractors, teamsters or owners of teams and wagons, or parties who have furnished materials on the contract, unless the suit be commenced within three months after the completion of the work to be done under the contract and acceptance thereof by the city, nor shall such action be brought before such completion and acceptance, unless the court find good cause therefor according to the averments in the petition.''

The position of defendant is that the action could be prosecuted only in the name of the city, for the use of all persons having unpaid claims for labor and material, and that it is indispensable that the petition should allege facts showing compliance with the provisions relating to the time in which the action was begun, i. e., that it was within three months from the acceptance of the sewer by the city. No demurrer to the petition was offered. The answer of the Missouri Fidelity & Casualty Company is not set out in the abstract, and as far as we are advised, the questions now before us were raised for the first time in this court.

We are required to take judicial notice of the charter of Kansas City (Sec. 16, Art. IX of the Constitution of the State; Walsh v. Railway, 102 Mo. 1. c. 589; St. Louis v. Lang, 131 Mo. 412; State v. Nolle, 96 Mo. App. 584) and conceding, for argument, that we must assume that the covenant of suretyship in the

construction contract was taken pursuant to the charter provisions we have noted, it does not follow that the petition must be held insufficient to support the verdict and judgment.

The defects of which defendant complains appear on the face of the petition and should have been made the subject of a demurrer. By answering to the merits defendant waived such defects. Section 1800, Revised Statutes 1909, provides "the defendant may demur to the petition when it shall appear . . . that there is a defect of parties plaintiff . . . or that the petition does not state facts sufficient to constitute a cause of action" and section 1804, that "when any of the matters enumerated in section 1800 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection be taken either by demurrer or answer the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action and excepting the objection that the petition does not state facts sufficient to constitute a cause of action."

Construing these sections, the courts of this State have held repeatedly that where the defect of parties appears on the face of the petition or where it appears the plaintiff has no legal capacity to sue, the objection must be made by demurrer and will be deemed waived if not so taken. [State of Missouri to Use, etc. v. Sappington, 68 Mo. 454; Farmers Bank of Dearborn v. Fudge, 109 Mo. App. 186; Benne v. Schnecko, 100 Mo. 257; State ex rel. v. True, 20 Mo. App. 176; Dodson v. Lomax, 113 Mo. 555; Scott-Force Hat Co. v. Hombs, 127 Mo. 392; May v. Burke, 80 Mo. 675; Baxter v. St. Louis Transfer Co., 198 Mo. 1.]

This sufficiently disposes of the point that the action should have been prosecuted in the name of the city.

Marcus v. Insurance Co.

As to the second objection, a petition, if it may be amended to state a good cause of action without changing the cause defectively stated is good after verdict, regardless of its defects which could have been remedied by amendment. There is nothing in the record to show that the suit was not brought in the time required by the charter, and even if the fact that it was begun in that time should have been alleged in the petition—a rule of pleading we do not concede, except for argument—still the omission was of the class of curable and not incurable defects and appearing as it did on the face of the petition was waived by defendants when they answered to the merits.

It is not necessary to discuss other points argued in the briefs. What we have said compels an affirmance of the judgment. It is so ordered. All concur.