## VOGEL, Respondent, v. KENNEDY, Appellant.

St. Louis Court of Appeals, October 22, 1907.

1. **PRACTICE: Account Stated: Admission of Indebtedness.** In an action on an account stated, where it was shown that the defendant admitted the items of the account, the fact that interest not admitted by him was charged in the petition does not prevent the action from being one on the account stated as to the admitted items.

2. ————: **Statute of Limitations: Open Account: Intention.** The Statute of Limitations does not begin to run on an open, mutual and running account until the date of the last item, and the continuity of the account will not be destroyed by the fact that a break of one year occurred in the items, the continuous and running character of the account will turn upon the intention of the parties, upon whether they intended it should remain open or had intended to close it.

3. ——: ——: **Pleading.** A defense of the Statute of Limita-
tions must be pleaded in order to admit testimony upon it; it
cannot be invoked by objecting to the admissibility of the tes-
timony, unless the cause of action is shown to be barred on the
face of the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald,* Judge.

REVERSED AND REMANDED.

*Robert L. McLaran* for appellant.

*W. E. Fisse* for respondent.

In the case of Mulford v. Caesar, 53 Mo. App. 263, it
is held that the mere fact that one item in an account is
disputed, does not prevent the account from becoming
an account stated as to all items admitted to be correct.
Good authority in support of this rule too, is men-
tioned in the opinion just referred to, but in addition
there may be cited these cases: Joseph v. Southwark
F. and M. Co., 99 Ala., 47; Burns v. Campbell, 71 Ala.
286; Tuggle v. Minor, 76 Cal. 96; Chrisman v. Count, 2
M. & G. 307; Sergeant v. Ewing, 36 Pa. St. 156; Craig-
head v. State Bank, Meigs (Tenn.) 199; Milwaukee Co.
v. Hackett, 21 Wis. 620.

GOODE, J.—This action was instituted on an ac-
count stated, the petition having been filed and summons
issued September 13, 1904. It appears that as originally
begun the action was on an ordinary open account,
which was filed with the petition, to recover $3,790.60.
The petition having been held bad for uniting several
causes of action in one count, an amended petition was
filed, declaring on an account stated for the sum men-
tioned, and alleging the statement of the account oc-
curred December 15, 1903, and was had between plaintiff
and defendants, William and Julia Kennedy, husband
and wife; that it was agreed between plaintiff and the

two defendants that there was due from them to plaintiff the sum of $3,790.69, which defendants then and there promised to pay plaintiff. Subsequently the action was dismissed as to Mrs. Kennedy, she having died meanwhile. The answer was a general denial and a further defense by way of counterclaim, in which it was alleged that in a long period of years, defendant William Kennedy had been engaged in business as a contractor and builder in the city of St. Louis and plaintiff Vogel in the business of real estate and financial agent; that from about January 1, 1894, to December 15, 1903, said Kennedy and Vogel had mutual business dealings together; that these dealings were the performance by defendant of work and labor for plaintiff and furnishing the latter materials, for all of which plaintiff promised to pay the reasonable value; that plaintiff as real estate and financial agent, performed various services for Kennedy, such as lending the latter money which defendant from time to time paid; "that during all said time said course of mutual dealing was continuous in its nature and constituted a running account" of which the particulars would appear from an exhibit filed with the answer; that there was due the defendant from plaintiff on this mutual running account, the sum of $1,885.79, for which defendant prayed judgment. The exhibit attached to the counterclaim and referred to in it began with four items, as follows:

First:    Commission due defendant from plaintiff for preparation of plans and specifications for a residence for defendant at the corner of Grand and Cleveland avenues in the city of St. Louis, and obtaining bids for the construction of said residence..........$915.18
          The date of this item was 1894

Second: From May 17th to July 1, 1894, Commission for preparing plans and spec-

ifications and obtaining bids and esti-
mates and examining same for another
residence .......................          392.75
Third: From July 1, 1894, to March 1, 1895,
Commission for changing and altering
plans and specifications for a resi-
dence at the corner of Compton and
Allen avenues, and obtaining, and ex-
amining and selecting bids.........          773.45
Fourth: Work and labor of Kennedy and two
teams in superintending and oversee-
ing the construction of the last men-
tioned house, 240 days at $10 per day..2400.00

After setting out said four items, the counterclaim
enumerated several hundred other items, of which the
first debit is dated December 16, 1896, and the last debit
December 15, 1903, and the first credit May 21, 1896, and
the last credit March 10, 1903. The debit items consisted
of charges against plaintiff Vogel for various items of
indebtedness he is alleged to owe defendant for the lat-
ter's services in repairing property, or for rents which
plaintiff had collected; whereas the credit items rep-
resent sums due from defendant to plaintiff for the lat-
ter's services as financial agent. These items range in
amount from five dollars or less to forty-five hundred
dollars, and the whole counterclaim indicates that, in-
stead of defendant owing plaintiff, the latter owes de-
fendant the sum of $1,885. 79. Under the rulings on
the admission of evidence and the instructions given to
the jury, a verdict was returned in plaintiff's favor on
the account stated, in the sum of $2,500 with interest
from January 15, 1904, and also in plaintiff's favor on
defendant's counterclaim; and judgment having been
entered accordingly, this appeal was prosecuted by de-
fendant. It should be stated that the replication to the
counterclaim was a general denial without any plea of
the statute of limitations — an important point, because

the court held that the first four items of defendant's counterclaim were barred by the statute and this ruling constitutes one of the assignments of error. Plaintiff gave evidence that in January, 1904, plaintiff and defendant came to an agreement about their mutual indebtedness; that plaintiff's bookkeeper then prepared a balance sheet showing the dealings of the parties for some years back, but just how far does not appear. This account showed a balance due plaintiff from defendant of $3,790 and is the account stated which plaintiff declares on. The testimony was that defendant agreed the account was correct except that he was charged with interest on various overdrafts. He asserted there was no just claim against him for interest and that he would not pay it.

1.  As we understand, the "overdrafts" consisted of advances made by Vogel to Kennedy for the latter to use in his business of contractor and builder — advances beyond funds which Kennedy happened to have in Vogel's hands, either from loans the latter had negotiated for the former, or rents collected by Vogel as agent for Kennedy. The testimony for plaintiff is that no other item of the balance, except this interest, was objected to by Kennedy. The interest amounted to a considerable sum; perhaps $1,100. Plaintiff withdrew this part of his demand at the trial and it was not included in the verdict. However, defendant's counsel insists the testimony which plaintiff introduced showing defendant objected to the charge of interest on the overdrafts, demonstrates that the account was not stated; that is, assented to by defendant as correct. If the remaining items were conceded by defendant and he promised to pay them, the fact that he objected to the interest did not prevent the settlement from taking effect as an account stated as to the admitted items. [Mulford v. Caesar, 53 Mo. App. 263; 1 Cyc. 378; Joseph v. Southwark, etc., Co., 99 Ala. 47; Wiggins v. Burkham, 10 Wall. (U. S.) 129;

Chrisman v. Count, 2 M. & G. 307; Tuggle v. Miner, 76 Cal. 96; Sargeant v. Ewing, 36 Pa. St. 156.] We therefore overrule the contention that the court below should have directed a verdict for defendant because plaintiff failed to prove, prima-facie, an account stated.

2. The exclusion of evidence to prove the first four items of defendant's counterclaim, on the ground that they were barred by the Statute of Limitations, was on the assumption that defendant's testimony or the admission of his counsel, showed there was a break of a year in the continuity of the account declared on in the counterclaim; and that this break occurred some time prior to the statement of the account between the parties and, therefore, the items which accrued prior to the break were barred by the statute. This matter came up on an objection to the admission of testimony offered for defendant in connection with the work done by him for plaintiff in 1894. Plaintiff's counsel contended those items were barred because none of them were of an earlier date than February, 1895, and insisted that defendant should be required to show there was a running account from 1894 to the last item of the counterclaim. The following took place, and shows the positions of counsel and the court on the point in hand:

"Mr. Fissee (counsel for plaintiff): I think that for one year prior to the present account there was no accounting or dealings between these parties, and that the accounting stated was the beginning of a new transaction between these parties.

"The Court: Was Mr. Vogel handling any property for Mr. Kennedy during that year, or transacting any business with him?

"Mr. Koerner (counsel for defendant): No, sir.

"The Court: I will sustain the objection.

"Mr. Koerner: I will save an exception to the ruling on the ground that the statute of limitations in the

first place has not been pleaded, and in the second place we are entitled to show these items for the reason that a subsequent accounting between them, and the balance due, could not be other than applied on the indebtedness Mr. Vogel owed to Mr. Kennedy, at that time.

"The Court: There was nothing passed between them, you admit, during the year prior to the beginning of the account sued on in this petition; no business transactions between them during that year?

"Mr. McLaran: I don't think there is any account sued on in this petition.

"The Court: The statute certainly ran under those circumstances on these commissions for building a house and superintending it. Unless you have some other proof I will sustain the objection made by counsel for the plaintiff."

In our judgment the court's ruling was erroneous. It should be observed that the court put it on the ground invoked by defendant's counsel, that it was admitted nothing passed between plaintiff and defendant "during the year prior to the beginning of the account sued on in this petition; no business transactions between them during that year." The court said that certainly, under those circumstances, the commission for building a house for plaintiff in 1894, and superintending it was barred. We cannot accept this proposition. It would be a sound one if defendant had admitted the account sued on was stated between him and plaintiff; but that he denied both by answer and testimony. He swore positively, not only that the account sued on was incorrect and inaccurate in another item besides the interest charges, but that it was not a statement of the account between him and plaintiff Vogel, but of one between him and Frank Fischer. Fisher, we understand, was associated in business with Vogel, and gather that the account plaintiff sued on was a statement, according to defendant's version, of the latter's transactions with the

firm and not with Vogel, with whom he had independent dealings; as was shown, not only by his own testimony, but by that of other witnesses and by letters written to defendant by Vogel's clerk. Moreover, defendant testified over and over again, that there was a continuous running account between him and Vogel from 1894; that he never could get a settlement out of Vogel though he often tried, but was put off from time to time for one reason or another. He particularly testified to the continuity of the account through 1895 and 1896. Nor are we prepared to say this testimony of the defendant was uncorroborated. If it is true, and the jury had the right to believe it, the first items of the counterclaim are no more barred than the last; for the statute of limitations does not begin to run on an open, mutual and running account until the date of the last item. [Chadwick v. Chadwick, 115 Mo. 581, 22 S. W. 479; Boylan v. Steamboat Victory, 40 Mo. 244; Penns's Admr. v. Watson, 20 Mo. 13.] Neither do we think it necessarily would destroy the continuity of the account that a break of a year occurred between the items. [Madison Co. v. Steamboat Colonna, 36 Mo. 446.] Its continuous and running character would turn on the intention of the parties; that is to say, whether they meant that it should at any given time be closed or remain open for future settlement. Now defendant's testimony is unequivocal that the latter was the status of his account with Vogel almost from the inception of their business relations, and that futile demands for a settlement were made by him on various occasions. Of course if the account stated on which the plaintiff sues, was actually agreed to by the parties and defendant admitted he owed a specific balance on a settlement of all his accounts with plaintiff and agreed to pay it, this would constitute a new promise by defendant in which their previous dealings would be merged, unless the settlement was surcharged or falsified for

fraud or mistake. For the reasons pointed out, the court was in error, in our judgment, in holding that a break in the account between the parties of a year previous to the alleged settlement on which plaintiff relies, but which defendant disputes, would necessarily bar defendant's relief. Inasmuch as defendant denied the settlement, the issue was one to be determined by the jury. Moreover, the defense of the statute of limitations to a part of defendant's counterclaim was irrelevant because not pleaded. In an action of this kind the statute cannot be invoked by objecting to testimony. Nothing appeared on the fact of the petition to show that any part of defendant's counterclaim was barred. Hence to establish a limitation it was essential to show the facts by evidence aliunde and, therefore to plead the statute. It is hardly necessary to cite authorities on this proposition, but they are numerous. [Harper v. Eubank, 32 Mo. App. 258; Murphy v. DeFrance, 105 Mo. 53, 15 S. W. 949, 16 S. W. 891; Bell v. Clark, 30 Mo. App. 224; Young v. Railroad, 33 Mo. App. 509.]

The judgment is reversed and the cause remanded. All concur.