HOLMES v. CONNELL'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.
    In the construction of a will the cardinal duty of the court
    is to find the intention of the testator.

2. SAME—LEGACY AS COMPENSATION FOR SERVICES.
    A clause in testator's will providing a legacy for his house-
    keeper, with the statement therein that it "is given as a
    token of my regard and appreciation of her services," *held*,
    to indicate his intention to place a just estimate on the
    value of her services and to compensate her therefor.

3. SAME—ACCEPTANCE—CLAIM AGAINST ESTATE—ESTOPPEL.
    Plaintiff, having accepted the legacy given her as compen-
    sation for her services as housekeeper for testator, is
    thereby precluded from thereafter maintaining a claim
    for the same against his estate.

Error to Muskegon; Vanderwerp, J. Submitted October 30, 1919. (Docket No. 70.) Decided December 22, 1919.

Julia M. Holmes presented a claim against the estate of Patrick J. Connell for services rendered. The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Alex. Sutherland,* for appellant.

*R. J. Macdonald* (*D. A. Macdonald,* of counsel), for appellee.

BIRD, C. J. Julia M. Holmes, the plaintiff, presented a claim against the defendant estate for "time, labor and services for four years last past in caring for, nursing and housekeeping for Patrick J. Connell in his lifetime, at $15 per week, $3,120." The commis-

For authorities discussing the question of law governing construction of wills generally, see note in 2 L. R. A. (N. S.) 443.

sioners disallowed the claim. On appeal, in the circuit court, she was awarded the full amount of her claim.

On behalf of the estate it is insisted that the trial court was in error in refusing to direct a verdict for the defendant. This contention is based upon the defense of payment. It appeared by the evidence that the testator made a will in November, 1916, a few months before his decease, in which he gave plaintiff a legacy amounting to $5,315. It is claimed that the language of the will is such that it clearly appears to have been the intention of the testator to thereby compensate plaintiff for her services. That after the will was probated plaintiff accepted this legacy and thereby precluded herself from maintaining a claim against the estate. The complaint of the defense is that the trial court should have charged the jury in accordance with this contention and so put an end to the case.

The record discloses that plaintiff's mother married the deceased when plaintiff was a mere child. Plaintiff grew to womanhood in Patrick's family and later married. Her husband lived only a few years and in 1909 she and her two children returned to the home of Patrick where they remained and she cared for the old people until the fall of 1913, when her mother died. Patrick was then 77 years old and in feeble health. His physician advised him that if he would prolong his life he should remove to Arizona. He did so and induced plaintiff to accompany him and serve him as housekeeper and nurse. They lived there four years when Patrick died. Plaintiff then returned to Muskegon, her home city. The testimony shows many expressions of Patrick, indicating that he was very fond of plaintiff and greatly appreciated the splendid care which she had given him.

In November, 1916, he made a will disposing of an estate, as nearly as can be gathered from the record, of about $10,000. He gave plaintiff a legacy which

was valued at $5,315 and the balance he gave to relatives and friends, save a small trust fund of $500, the income from which he directed should be devoted to maintaining his lot in the cemetery, and to religious purposes. The bequest to plaintiff was as follows:

"(2) I give, devise and bequeath to my daughter, Julia M. Holmes, my home near Tucson, Arizona, my automobile, and all my household goods and furniture; also 250 shares of the capital stock of the P. J. Connell Company, in addition to the insurance which has already been assigned to her. Mrs. Holmes has been my housekeeper and companion for years, and this bequest is given as a token of my regard and appreciation of her services."

The cardinal duty of this court is to find the intention of the testator. This must be gathered from the face of the will, if the language will permit. If the provision is ambiguous, or is subject to a double construction, and, therefore, involved in doubt, the court will place itself in the situation of the testator as nearly as it can and view it from the angle from which he viewed it. *Sondheim* v. *Fechenbach*, 137 Mich. 384. A careful study of the language of the will convinces us that it was the intention of the testator to pay his debt to plaintiff with the provision which he made for her in his will. The words, "Mrs. Holmes has been my housekeeper and companion for years, and this bequest is given as a token of my regard and appreciation of her services," used in connection with the language making the bequest, is persuasive that he had in mind the payment of his debt to plaintiff. As is pointed out by counsel, the word "appreciate" is defined as meaning to "estimate justly," or to set a price or value on. Bouvier Law Dictionary, p. 217. The testator was very appreciative of plaintiff's services. This he made clear by the will and by reason of this appreciation he undertook to place a just estimate on the value of her services by giving her what amounted

to $5,315, a sum much in excess of plaintiff's own estimate of her services.

If we are to look beyond the face of the will to gather testator's intention it becomes more apparent that this was his intention. The size of the estate would lend credence to this view. If testator intended to give her $5,315 without reference to the sum he owed her, and to this gift was to be added the amount due her for services, it would practically exhaust the estate and leave very little to satisfy other provisions of the will, and no one knew this better than he. Had the estate been a large one, plaintiff's contention would be more plausible, and the same would be true had he made payments from time to time on account of her services. Should we construe the provision in accord with the contention of plaintiff there would be little or nothing left of the estate, and his bequests to other legatees would be defeated, or nearly so. While the testator manifested great appreciation of plaintiff's services and kindness, we are not persuaded that he intended to give her practically his entire estate. In support of this construction, see *Rubert* v. *Rubert*, 126 Mich. 589; *In re McNamara's Estate*, 155 Mich. 585.

In view of the fact that plaintiff had accepted the legacy we think there was no basis for her recovery in the present suit. The motion of defendant should have been granted. The judgment will be set aside without a retrial, with costs to appellant.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.