T. M. GAMMON, Respondent, v. J. C. McDOWELL, Executor of the Estate of A. CLAYTON, Deceased, Appellant.

Springfield Court of Appeals, December 5, 1921.

1. **APPEAL AND ERROR:** Denial of Motion to Make Account of Claimant Against Decedent's Estate More Definite, Held Harmless. On appeal from judgment allowing a claim against the estate of a decedent, denial of motion to require a claimant to make account

Gammon v. McDowell.

more definite and certain, if error, was not ground for reversal, in the absence of a showing that the executor could have been injured by the court's action.

2. **COURTS:  Court of Appeals Bound by Supreme Court's Construction of Statute.** The Court of Appeals is bound by the construction given to a statute by the Supreme Court.

3. **WITNESSES: Agent of Party to Contract with Deceased Held Competent to Testify to Giving of Receipt to Decedent.** In proceedings for allowance of a claim against the estate of a decedent, claimant's agent held competent to testify that receipt, given by him to deceased, which had been offered in evidence to show payment, had been given for money paid on another matter, notwithstanding Revised Statutes 1919, section 5410, providing that where an original party to a contract is dead the other party cannot testify in his own favor or in favor of any party claiming under him.

4. **APPEAL AND ERROR: Exclusion of Answers to Questions not Reviewed in Absence of Answers.** Action of trial court in sustaining objections to questions will not be reviewed, in the absence of a showing as to the answers witnesses were expected to have made, where the questions themselves did not indicate what the answers would be.

5. **LIMITATION OF ACTIONS: Tenant's Account with Landlord Held "Open Account" Within Statute of Limitations.** Where it was understood by landlord and tenant that tenant should keep premises until a different contract should be made or the tenancy terminated as provided by the statute, and where tenant did not pay the landlord the rent due, but at different times credited his account for merchandise given landlord, the landlord was not barred from recovering rent for period of time tenant occupied premises prior to five years before commencement of action under Revised Statutes 1919, section 1317; the account being an open account under section 1322, providing that in action to recover balance due on an open account the cause of action shall be deemed to have accrued from the date of the last item in the account on the adverse side.

Appeal from the Dallas Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Levi Engle* for appellant.

(1)  Defendant's motion to require plaintiff to make his account more definite and certain should have been

sustained. R. S. 1919, sec. 1258; Bennett v. Robinson, 180 Mo. App. 56; Chillecothe Sav. Assn. v. Morris, 52 Mo. App. 612; Watkins v. Donelly, 88 Mo. 322; Meyer v. Chambers, 68 Mo. 626; McAdams v. Scudder, 127 Mo. 345; Gfeller v. Graefmann, 64 Mo. App. 162.   (2)   Defendant's objection to the introduction of evidence by plaintiff should have been sustained.   Labadis v. Maguire, 6 Mo. App. 573; Dawson v. Quillen, 61 Mo. App. 672. (3)   J. E. Gammon was incompetent to testify concerning the receipt from plaintiff to deceased, dated July 7, 1908.  He was the agent of the plaintiff in the transaction and a "party to the contract."   Banking House v. Rood, 132 Mo. 256, 265; Taylor v. George, 176 Mo. App. 215; Biggs v. Henson, 181 Mo. App. 34, 46; McKee v. Downing, 224 Mo. 115, 140.   (4)   Defendant should have been permitted to show that deceased was prompt in paying his debts.   Ring v. Jamison, 66 Mo. 424, 426; and that plaintiff was a prompt collector of debts due to him, 1 Gr. Ev. (14 Ed.), sec. 38.   (5)   Plaintiff's assessment lists for the years 1916 and 1917 were proper and competent evidence and should have been admitted. Wilcoxen v. Darr, 139 Mo. 660; Boyer v. Tucker, 70 Mo. 451.

*John S. Haymes* and *D. M. Rush* for respondent.

(1)   The court's discretion was not abused and ought not to be interferred with.   Winemiller v. Peterson, 65 Mo. App. 594,   But the account filed was sufficient.   Wood v. Land, 35 Mo. App. 381; Byrne v. Railway, 75 Mo. App. 36; Smith v. Williams, 123 Mo. App. 479.   (2)   The renting of the room to Clayton and the rent therefor, was the contract and cause of action at issue and on trial, it was that that was the "basis of a law suit" (Taylor v. George, 176 Mo. App. 223), and there is no pretense that Ed Gammon had any connection with that as agent or otherwise.   R. S. 1919, sec. 5410.   (3)   Appellant did not indicate to the court what the answers would be to his questions as to the promptness of plaintiff in collecting and Clayton in paying

debts, and is, therefore, not in a position to complain of the court's ruling thereon. Summers v. Ins. Co., 90 Mo. App. 1. c. 703; McFern v. Gardner, 121 Mo. App. 1. But evidence that both had been prompt would have been without weight, misleading and incompetent. The authorities cited do not sustain the contention that such evidence should be heard. (4) Authorities bearing upon a condition where, there was no contract, are inapplicable where, as here, there was an express contract to let and to pay rent. The keeping of an account was not necessary. Bennett v. Robinson, 180 Mo. App. 56. (5) This, the express contract to pay rent and the facts herein, bring plaintiff's demand within the Missouri rule that no part is barred unless the whole is. Ring v. Jameson, 66 Mo. 428; Chadwick v. Chadwick, 115 Mo. 581; Vogel v. Kennedy, 127 Mo. App. 228; Beeler v. Finnel, 85 Mo. App. 442.

COX, P. J.—The respondent filed in the probate court of Dallas county a claim against the estate of A. Clayton, deceased, for $304. This proceeding reached the circuit court of Dallas county where on a trial before the court without a jury the issues were found in respondent's favor and judgment rendered against appellant for the amount asked.

The account filed is as follows:

"Buffalo, Mo. July 22, 1918.

"In account to T. M. Gammon from A. Clayton, dec. estate, Dr.

"Rent from March, 1904, to June 20, 1918, making 14 years' rent at $2 per month ................. $336.00

"Credit to best of my judgment $2 per year ....     28.00

                                                    308.00

"Also making 1 pr. shoes ....................      4.00

                                                   $304.00

"Leaving a balance due T. M. Gammon to this date."

The defendant filed a motion in the circuit court to require the respondent to make his account more definite

and certain which was overruled. This action of the court is assigned as error.

The motion did not specify in what particular the account should be made more specific and, from the record in this case, it does not appear that appellant could have been injured by the court's action, hence if its action was erroneous, the error was harmless.

At the trial, a receipt for certain money paid by deceased to respondent was offered by appellant. This receipt did not show on what account the money was paid but did show that the transaction was between deceased and a son of respondent as his agent. This agent was permitted over the objection of appellant to testify that the receipt was for money paid on another matter. This is assigned as error on the ground that since Clayton was dead, the agent of respondent with whom the transaction was had by deceased was disqualified by section 5410, Revised Statutes 1919, as a witness in relation to that matter. It has been held in a number of cases in this State that when one of the parties to a transaction is represented by an agent, then on the death of the other party, the agent becomes disqualified by reason of the statute from testifying in relation thereto; but the Supreme Court, by which we are bound, held otherwise in the case of Wagoner v. Binder, 187 S. W. 1128, l. c. 1151-58, and overruled the former cases which hold that under such circumstances the agent was disqualified. That case is binding on us and this point must be ruled against appellant.

Appellant asked certain witnesses to state the general reputation of deceased as to promptness in paying his debts. Objections to these questions were sustained. No statement of what the expected answers would be was made and since the questions did not in themselves indicate what the answer would be, it is impossible for this court to determine whether or not the answers, if given, would have been beneficial to appellant. Under such circumstances, the appellate court will not review the action of the trial court in sustaining the objections

to the questions. [McCormick v. St. Louis, 166 Mo. 315, 338, 65 S. W. 1038; Emerson-Brantingham Imp. Co. v. Simpson, 217 S. W. 562; McFern v. Gardner, 121 Mo. App. 1, l. c. 13-14, 97 S. W. 972.]

Appellant asked an instruction to the effect that all the rent which accrued more than five years before Clayton's death was barred by the Statute of Limitation. This was refused. The contention of appellant is that the rent accrued each month and therefore a cause of action arose at the end of each month and that the accruing rent from month to month did not constitute a mutual account so that the last item would draw after it the preceding items and prevent the running of the statute. The statute section 1322, Revised Statutes 1919, is as follows: "In an action brought to recover a balance due on a mutual, open and current account where there have been reciprocal items between the parties, the cause of action shall be deemed to have accrued from the time of the last item in the account on the adverse side." The account in this case is made up from a charge of $2 per month for rent for a period of fourteen years. On this a credit is allowed of $2 per year and a further credit of $4 for making a pair of shoes. The evidence shows that the deceased ran a shoe repair shop and had been in that business for some time in the City of Buffalo before renting a room from respondent. Some fourteen years before his death, Clayton desired to move the location of his shop and rented a room from respondent and agreed to pay $2 per month therefor but there was nothing said as to how long he should retain it. The deceased therefore became a tenant from month to month and occupied the room from that time until the date of his death, fourteen years afterward. The time at which payments were made for which respondent gave credit in his account is not shown so we shall assume that none of them were made within five years prior to the death of Clayton, the tenant. We then have an open account for rent at $2 per month under a tenancy from month to month extending over a period of

fourteen years with no payments of rent shown in the last five years of the period. In determining whether or not the five years Statute of Limitations, section 1367, Revised Statutes 1919, applies and bars all items accruing more than five years before the death of Clayton, we must construe this section in connection with section 1322 above cited. The great weight of authority outside of this State in construing similar statutes is to the effect that when the items are all on one side of the account, the five year statute will apply but the rule has been settled in this State that if it shall appear by the conduct of the parties while the account is accruing that the whole was to be regarded as one as in the case of a merchandise account against a customer for goods sold at different dates, the last item of the account draws all preceding items to it and none of the item are barred unless all are barred. [Chadwick v. Chadwick, 115 Mo. 581, 22 S. W. 479; Vogel v. Kennedy, 127 Mo. App. 228, 104 S. W. 1151; Bowman v. Shelton, 175 Mo. App. 696, 158 S. W. 404.]

In this case it is apparent from the conduct of the parties that they both understood that the room rented by deceased should be kept by him continuously until a different contract should be made or until the tenancy should be terminated as provided by the statute. They certainly did not contemplate that in case suit should be brought for accrued rent, a separate suit should be filed for each month's rent. We think the facts in this case bring it within the rule as promulgated by the courts in this State and hence the five year Statute of Limitations does not apply.

We have carefully examined the other errors assigned and find no reversible error therein.

Judgment affirmed. *Farrington, J.,* and *Bradley, J.,* concur.