T. M. GAMMON v. J. C. McDOWELL, Executor of Estate of A. Clayton, and SAMUEL HAYES, Appellants.—298 S. W. 34.

Division Two, September 28, 1927.

1. JUDGMENT: Copy as Evidence: Change. Where the judgment recited that the court "doth find the issues for the **plaintiff**" and it is therefore adjudged that "the plaintiff have and recover of the goods, chattels and lands and **tenements** of the defendant the sum of $304," it will not be held that the court erred in admitting a duly certified copy of said judgment in evidence when offered by plaintiff, although defendant produces a certified copy of the record, made immediately after the judgment was entered and showing that the first word "plaintiff" therein was "defendant" and the word "tenements" was "tenants," since the further recital in the record is that the judgment was rendered in favor of plaintiff, and the sole effect of the changes was to correct evident errors in the entry of the judgment.

2. ———: Irregularities: Corrections. A judgment should be held inviolable as entered, and the orderly procedure to correct irregularities therein is by formal application to the court to correct them so that it will accurately express the findings and judgment; but where the record entry has been corrected without such formal application and the changes evidently conform to such findings and judgment, and it is manifest that no injustice will be done either party by receiving in evidence the judgment in its corrected form, its validity will not be impaired and the parties compelled to pursue the orderly procedure for correcting it, in view of Section 1550, Revised Statutes 1919, providing that a judgment shall not be impaired "for any informality in entering a judgment or making up the record thereof."

3. ———: Evidence of Meaning. Docket entries of the judge and clerk are admissible to explain the exact meaning of a judgment offered in evidence.

4. WILL: Specific Bequest: In Payment of Existing Obligation. Where a devise is given in satisfaction of an existing prior indebtedness or recognized obligation of the testator to the devisee, such devisee takes the property thus devised in preference to general creditors.

5. ———: ———: In Payment for Support. The right of general creditors to have testator's real estate sold to pay his debts is subservient to a clause in his will that "in recognition of the kindness and care given me by Samuel Hayes, and in the event that he shall remain with me and care for me during my natural life, I give, devise and bequeath to him my real estate." The clause was declaratory of an existing contract which had been complied with by the devisee, imported a consideration, was not a mere bounty impelled by gratitude, but a formal recognition of an obligation to pay for services rendered, and a setting apart of the real estate to satisfy the debt, and takes precedence over the rights of testator's general creditors to have the real estate sold to pay his other debts.

6. ———: ———: **Homestead: Head of Family.** A widower who occupies a dwelling house alone, having neither children nor others dependent upon him for support, is not a "housekeeper" or "head of a family," and is not entitled to homestead in the dwelling house, and such property is not exempt from the payment of his debts on the ground that it is a homestead.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 3205, p. 1176, n. 46. **Homesteads,** 29 C. J., Section 36, p. 797, n. 46. **Judgments,** 34 C. J., Section 803, p. 506, n. 58. **Wills,** 40 Cyc., p. 1888, n. 21; p. 2071, n. 24.

Appeal from Greene Circuit Court.—*Hon. Orin Patterson,* Judge.

REVERSED.

*Levi Engle* and *Herman Pufahl* for appellants.

(1) It was error for the trial court to admit in evidence the certified copy of the judgment of the Circuit Court of Dallas County, when the evidence showed that the judgment as offered was not the judgment rendered by the court, but had been altered and changed. (a) The alteration of a judgment renders it void and releases the defendant from it. Freeman on Judgments (4 Ed.) sec. 148, p. 266. An alteration which to any degree varies the legal effect of an instrument to the prejudice of the other, releases the party from it, though no actual fraud is meditated. Law v. Crawford, 67 Mo. App. 150; McMurtry v. Sparks, 71 Mo. App. 126; Girdner v. Gibbons, 91 Mo. App. 419; Powell v. Banks, 146 Mo. 620, 643. (b) The smallest change in a written instrument will invalidate it without regard to the intent with which the change is made. Carson v. Woods, 177 S. W. 623. (c) If there was a mistake in the record and if the court had power to correct it, the court could not do so except in a direct proceeding for that purpose. Melby v. Nabe, 67 Mo. 546; State ex rel. Klotz v. Ross, 118 Mo. 23, 44; State ex rel. Woobman v. Guinotte, 282 S. W. 70; State ex rel. Washer v. Porterfield, 258 S. W. 724. (2) The trial court erred in admitting evidence on the part of the plaintiff "subject to objection," and then failing to rule or pass on the objection made. Smoot v. Banker's Life Association, 138 Mo. App. 438, 469; Stone v. Fry, 191 Mo. App. 612; Hannon Construction Co. v. Railroad, 247 S. W. 440; Seafield v. Bohne, 169 Mo. 537; Asbury v. Hickland, 181 Mo. 658. (3) The clause in the will which reads: "In recognition of the kindness and care given me by Samuel Hayes, and in the event that he shall remain with me and care for me during my natural life, I give, devise and bequeath to him my real estate" is based upon a valuable consideration for services rendered and to be rendered, and is not a gift, and inasmuch as the testimony showed and the court found that Hayes had rendered the services to Clayton, and had taken care of him up to the time of Clay-

ton's death, this is a specific bequest, and the land so devised could not be sold for the payment of Clayton's general debts, and for that reason the order of sale should not have been made by the circuit court. A contract to make provisions by will for a particular person is valid if founded on a just consideration. An action will lie for the breach thereof or specific performance may be decreed. 1 Woerner on Administration (Ed. 1889) p. 58, sec. 148A; Wright v. Tinsley, 30 Mo. 389; Gumpton v. Gumpton, 47 Mo. 46; Sharkey v. McDermott, 91 Mo. 647; Sutton v. Hayden, 62 Mo. 101; Berg v. Moreau, 199 Mo. 416, 9 L. R. A. (N. S.) 157; Koch v. Hebel, 32 Mo. App. 110; Fuchs v. Fuchs, 48 Mo. App. 23; Clark v. Cordry, 69 Mo. App. 6. (4) The land sought to be sold having been the homestead of A. Clayton, during his lifetime, and he being a "housekeeper" and his heirs being his two children, could not be sold for the payment of the general debts of Clayton. Sec. 5857, R. S. 1919; Gill on Mo. Real Property (2 Ed.) sec. 1583; Silvers on Missouri Titles, sec. 89, p. 145, and sec. 144, p. 368; Broils v. Cox, 153 Mo. 242; In re Estate of Powell, 157 Mo. 151; Balance v. Gordon, 247 Mo. 119; Armour v. Lewis, 252 Mo. 568; Lewis v. Barns, 272 Mo. 377, 199 S. W. 212; Dennis v. Gorman, 289 Mo. 1; Fields v. Jacoby, 181 S. W. 68; Ehlers v. Potter, 219 S. W. 915.

*John S. Haymes* for respondent.

(1) The contention that certain evidence was admitted by the trial court, "subject to objection," is not available to appellants. (a) The trial was before the court. Roofing Co. v. Trust Co., 146 Mo. App. 56; Wooling Co. v. Tailoring Co., 267 S. W. 972; Sanzenbacher v. Santhuff, 220 Mo. 282. (b) The court was never, after receiving the evidence subject to objection, asked to rule on the objection. That was necessary. Disinfecting Co. v. Bates Co., 273 Mo. 304; State ex rel. v. Wright, 270 Mo. 389; Craig v. Bank of Joplin, 189 Mo. App. 394. (2) The evidence objected to was admissible both to explain the judgment, whose meaning has been questioned, and as bearing upon any alteration thereof. Burnside v. Wand, 108 Mo. App. 546; Peltz v. Bolinger, 180 Mo. 259; 1 Freeman on Judgments (5 Ed.) 134, sec. 77, and 143, sec. 82. (3) The original judgment in the former case of Gammon v. McDowell, and attacked in this, was sustained (affirmed) by the Springfield Court of Appeals, 208 Mo. App. 616, and even if irregular, is not subject to collateral attack. Rosenheim v. Hartsock, 90 Mo. 365; Talbot v. Roe, 171 Mo. 421; Warren v. Manwarring, 173 Mo. 34. (4) Where verdict of jury was not correctly copied in the judgment. Holmes v. Braidwood, 82 Mo. 618. Where the court did not find the issues for either party, but rendered judgment for plaintiff. Pickering v. Templeton, 2 Mo. App. 430; Sec. 1550, R. S. 1919. (5) That some change

had been made in the original judgment, at some time, the evidence of both plaintiff and defendant tended to show; but by testimony offered by plaintiff, it was shown that he had no part in any change, or any knowledge of it until long after his judgment had been classified and he had filed the petition now before the court. If another without plaintiff's knowledge made the change, it was an act of spoilation, which in no way affects the rights of plaintiff. Medlin v. Platt County, 8 Mo. 235; State v. McGonigle, 101 Mo. 366; Powell v. Banks, 146 Mo. 643. (6) But the question whether appellant had changed the record was one of fact upon which testimony was heard, and the trial court found the issue for plaintiff, and there being evidence to support it, that finding is conclusive. Trust Co. v. McMillan, 188 Mo. 567. (7) The evidence did not warrant a finding that Clayton had agreed to convey or will the land to Hayes. The evidence of contracts for the conveyance of land, must be clear and certain. Rosenwald v. Middlebrook, 188 Mo. 58; Goodin v. Goodin, 172 Mo. 40; Russell v. Sharp, 192 Mo. 270; Forrester v. Sullivan, 231 Mo. 345. (8) Heirs and legatees hold property inherited or devised subject to the payment of the debts of the decedent. Comstock v. Keating, 115 Mo. App. 379; Rogers v. Johnson, 125 Mo. 216; Higbee v. Bank, 244 Mo. 424. (9) The rule that land is subject to the payment of the decedent's debts is not changed, in this case by the meaning of the homestead exemption laws, except where the homestead claimant is, or was, the head of a family, and Mr. Clayton was neither. R. S. 1919, sec. 5857; Ridenour v. Monroe, 142 Mo. 170; Murdock v. Dalby, 13 Mo. App. 47; Elliot v. Thomas, 161 Mo. App. 448; January v. Marler, 274 Mo. 543; Bushnell v. Loomis, 234 Mo. 236; Balance v. Gordon, 247 Mo. 124; Regan v. Ensley, 283 Mo. 303.

WALKER, J.—This suit arises out of a proceeding instituted by the plaintiff against the executor of the estate of A. Clayton, deceased, to secure an order from the probate court authorizing the sale of certain land belonging to the deceased to satisfy a debt owing by the latter in his lifetime to the plaintiff. This account, after an allowance by the probate court, had been reduced to a judgment in the circuit court and upon appeal had been affirmed by the Springfield Court of Appeals. [208 Mo. App. 616, 235 S. W. 461.] The probate judge upon the filing of the application for the order at bar disqualified himself on the ground of kinship to the plaintiff and certified the case to the Circuit Court of Dallas County. Upon an application for a change of venue by the defendants the case was transferred to the Circuit Court of Greene County for trial. A trial was there had before the judge of that court, and a judgment was rendered finding the issues in favor of the plaintiff and ordering the executor to appraise and sell the real estate of the deceased, describing the same, or so much thereof as may be necessary to pay

the debts of the deceased, giving notice of such sale as required by law. Upon the rendition of this judgment the executor of the estate of said Clayton, and Samuel Hayes, to whom the land had been devised by the will of the deceased, perfected an appeal to this court.

Upon the trial the plaintiff, to sustain the issues on his part, offered in evidence a copy of the judgment of the Circuit Court of Dallas County, in which a judgment in favor of the plaintiff had been rendered on his account against the estate of the deceased. Objections were made to the admission in evidence of this judgment on the ground that, as offered, it was not a true copy of the judgment as originally rendered, but that the same had been changed, as was evident from the record from which the plaintiff's copy of same had been made, and was thereby rendered void. Omitting the caption and the finding as to costs the following is a copy of the judgment offered in evidence:

"Now at this day this cause coming on to be heard, and both parties appearing in person and by attorney, both parties announcing ready for trial and a jury being waived, the cause is submitted to the court for trial, and the court after hearing the evidence produced by both parties, and hearing the argument offered by attorneys for plaintiff and defendant, and after due consideration doth find the issues for the *plaintiff*.

"It is therefore ordered and adjudged by the court that the plaintiff have and recover of the goods, chattels and lands and *tenements* of the defendant the sum of $304."

The specific ground of objection to the admission in evidence of the foregoing copy of the judgment was that erasures had been made therein after the judgment had been recorded and that other words than those in the judgment as originally entered had been inserted where the underscored words "plaintiff" and "tenements" now appear. The evidence in support of this contention was a certified copy of the record of the judgment made at the request of the defendants immediately after the same had been entered upon the records of the court in which it was shown that the word "plaintiff," underscored, was "defendant," and that the word "tenements" was "tenants." It is further contended that the court erred, not only in the admissibility of this evidence, but in refusing to pass upon its competency as requested by the defendants. It is further urged that the court erred in ordering the sale of the land to pay the general debts of the deceased.

It is also contended that the court having given Instruction Number Seven at the request of the defendants erred in refusing to hold that the land at the time of the death of the deceased descended to Samuel Hayes and the devisee under the will.

I The judge's and the clerk's minutes bear witness to the fact that the judgment was rendered in favor of the plaintiff. While it may be conceded, as contended by the defendants, that the finding in the judgment as originally entered of record was in favor of the defendants this is followed by the entry of a judgment in **Changing** favor of the plaintiff. The attempted correction in the **Judgment.** finding of the judgment and the inserting in the one instance of the word "plaintiff" and in the other of the word "tenements" was irregular and unauthorized. In the regular order of procedure formal application should have been made to and granted by the court to authorize these corrections. The circuit clerk, the plaintiff and his counsel disclaim any knowledge of these changes until they were brought to their attention by the counsel for the defendants. Their sole effect was to correct evident errors in the entry of record of the judgment. We are not called upon, in the absence of evidence, to attempt an explanation of these erasures and changes. If we were, it would be that the errors as they appeared in the copyist's original entry of the judgment were discovered after the latter was recorded and that the changes were made therein to conform to the court's true finding. Although this was an irregularity we are not inclined to reverse this case and subject the parties to the expense and delay incident to another trial on account of this irregularity. Despite the strictness of the rule in this jurisdiction as the inviolability of record entries of the character here under consideration a reversal of the case for the reason urged in this contention would, in our opinion, work a manifest injustice. Especially is this true under the liberal provisions of Section 1550, Revised Statutes 1919, which declares "after trial or submission" a judgment shall not "be reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matter or things: . . . for any informality in entering a judgment or making up the record thereof, or any continuance or other entry upon the record; or for any default or negligence of any clerk or officer of the court or of the parties, or of their attorneys, by which neither party shall have been prejudiced."

Aside from the liberal terms of this statute this court has not been chary in upholding judgments where the meaning and purpose of the court rendering the same is apparent from the terms of the judgment. To illustrate: In Moody v. Deutsch, 85 Mo. l. c. 255, it was ruled that a judgment will be held sufficient when it appears that it was intended by a competent tribunal as the determination of the rights of the parties to the action and shows in intelligible language the relief granted. To a like effect are the following cases: Smith v. Kiene, 231 Mo. l. c. 224; State ex rel. v. Hunter, 98 Mo. l. c. 390; Black v. Rogers, 75 Mo. l. c. 448; Pickering v. Templeton, 2 Mo. App. l. c. 430.

II.   It is contended that the trial court committed error in admitting in evidence a certified copy of the judgment of the Circuit Court of Dallas County when the record showed that the copy offered was made subsequent to the erasures and changes **Evidence of** in the record. Under the facts in this case, as set forth **Meaning.** above, the evidence was admissible to explain the judgment and to corroborate the docket entries of the judge and the clerk. We have ruled upon a kindred question in McDonald v. Frost, 99 Mo. l. c. 48, which was followed in Smith v. Kiene, 231 Mo. l. c. 224, 225, in which we held that in the event of a doubt regarding the exact meaning of a judgment or decree it is permissible to consider the antecedent entries to determine its effect. Thus guided we hold that it was sufficiently shown that this judgment was rendered in favor of the plaintiff and we overrule the contention in this regard.

III.   It is contended by the defendants that the clause in the will devising the real estate of the deceased to Sam Hayes was in the nature of a specific bequest, and that the land could not be sold for the payment of the general debts of the deceased. **Specific** The clause referred to is as follows: "In recognition of **Devise.** the kindness and care given me by Samuel Hayes, and in the event that he shall remain with me and care for me during my natural life, I give, devise and bequeath to him my real estate in Dallas County, Missouri, described as follows." Then follows a description of the land.

The evidence in regard to this devise was that of Monroe Fullerton and was as follows:

"Mr. Clayton [the deceased] told me that he meant to give the land to Mr. Hayes for taking care of him. I was one of the witnesses to the will. I heard him give instructions about drawing the will. I heard him say to Mr. Scott [the attorney] that he had agreed to give the land to Sam Hayes provided he would stay there and take care of him, and that was the way he wanted his will written. He made this statement before Mr. Scott and myself, and the other witnesses. The day after the will was written Mr. Clayton told me that he had it fixed so that he would have a place to stay as long as he lived and went on, and said that he had it fixed perfectly. He said he had it fixed just like he wanted it and was perfectly satisfied with the way he had his business fixed up. I was one of the appraisers."

We pass without comment the question as to the admissibility of the foregoing testimony. No objection was made to it. Its sole purpose was to confirm the intentions of the testator which, under the definite language of the devise, required no gloss to interpret its meaning. It was specific in its nature and was declaratory of a contract which had theretofore been entered into between the parties and which had been complied with by the devisee up to the time

of the testator's death, recognition of which compliance is evident from the terms of the devise. This being true, and taking into consideration the conditions and circumstances of the parties, the care and attention required by the one to enable him to enjoy the material comforts incident to everyday life, and the furnishing by the other of that care and those comforts, justifies the conclusion that the testator's intention, which must be our monitor, was to set apart his real estate to meet the obligation he had thus incurred. The devise therefore imported a consideration and was not a mere bounty impelled by the gratitude of the testator for services rendered, but a formal recognition of a subsisting obligation and the setting apart of his real estate to satisfy the same.

I am not aware that we have ever ruled upon the question here seeking solution. In other jurisdictions there is a contrariety of opinion as to whether a general direction in a will, as in the case at bar, that debts be first paid, will be sufficient to charge the real estate with their payment. The weight of authority is to the effect that a mere direction in a will that all of the testator's debts be paid, followed by a devise of his entire estate, is not to be regarded as a charge of the debts on the realty. [Cross v. Benson, 68 Kans. 495, 64 L. R. A. 560; Balls v. Dampman, 69 Md. 390, 1 L. R. A. 545 and note; 28 R. C. L. sec. 281 and notes, p. 302; In re Rochester, 110 N. Y. 159.]

In White v. Kauffman, 66 Md. 92, the court said: "We have the authority of decided cases in this court holding that words in a will declaring that the testator's debts are to be paid before devises and bequests, must be regarded as immaterial and inoperative; and as not furnishing any evidence of an intention to charge the real estate; inasmuch as they simply provide what the law has determined shall be done with or without such a clause." To like effect are the following: Buckley v. Buckley, 11 Barb. 76; Rogers v. Rogers, 1 Paige, 190; Mollan v. Griffith, 3 Paige, 402.

Potent reasons exist here for the application of the general rule. The devise was founded upon a valuable consideration and the devisee sustained the relation towards the realty of a purchaser and not a mere creditor or the recipient of the bounty of the testator. In addition, the rule applies with equal force in this case, as in one where a homestead is held to be exempt from the claims of creditors in the presence of a general direction in a will that the debts be first paid. [Larson v. Curran, 121 Minn. 104, 44 L. R. A. (N. S.) 1177.]

In Matthews v. Targarona, 104 Md. 442, 10 Am. & Eng. Cases, 153, the general rule is thus stated: that where a bequest is given in consideration of a debt owing to the legatee or in the consideration of the relinquishment of any right or interest the legacy is entitled to preference. In consideration of all of which we hold that the trial

court erred in ruling that the real estate devised to Sam Hayes could be sold to satisfy the debt of the plaintiff.

IV. We are not impressed with the cogency of the contention that the real estate is exempt from sale as having been the homestead of the testator. Under the statute, Section 5853, Revised Statutes 1919, the testator was not entitled to the right of exemption to a homestead.

**Homestead.** Before entering into the contract with the devisee he occupied the dwelling on the property alone. He was a widower and had neither children or others dependent upon him for support. He therefore did not come within the terms of the statute. We have recently held that as a "housekeeper," as the word is used in the statute, is synonymous with the "head of a family" and unless one sustains this relation he cannot claim an exemption under the homestead law. [Kansas City Granite & Monument Co. v. Jordan, 316 Mo. 1118, and cases cited therein.] Other cases announce this rule of interpretation, if not in direct terms at least in principle. [Reagan v. Ensley, 283 Mo. l. c. 303; Balance v. Gordon, 247 Mo. l. c. 124; Bushnell v. Loomis, 234 Mo. l. c. 371; Ridenour v. Monroe, 142 Mo. l. c. 170.] We therefore overrule this contention.

The trial court having erred in ordering the sale of the real estate devised to Sam Hayes for the payment of the debt due from the estate of the testator to the plaintiff, the judgment is reversed. All concur.