IN RE ESTATE OF MARY C. WOODFIN.

GUNDA STEPHENSEN, Appellant, v. ADOLPH C. JOHNSON, Executor, Appellee.

No. 46031.

DECEMBER 15, 1942.

O'Brien & Molloy, of Independence, and Thomas L. Woods, of Cedar Rapids, for appellant.

Fisher & Fisher, of Cedar Rapids, for appellee.

HALE, J.—Mary C. Woodfin died July 31, 1940. Her will was admitted to probate and Adolph C. Johnson was appointed and qualified as executor. Among other matters in the will was the following:

"THIRD, I give, devise and bequeath the sum of $1,500.00 to my sister, Gunda Stephensen, on the condition that she care for me during my declining days. In case she is not able to do so I direct that this sum be added to the residue and be divided equally among the other heirs named hereafter."

The said Gunda Stephensen did care for the deceased dur-

ing her declining days. She thereafter filed claim against the estate of Mary C. Woodfin, and upon trial of said claim the jury returned verdict for claimant in the sum of $5,557.50, and thereafter judgment was entered on said verdict in favor of Gunda Stephensen. Motion for new trial and exceptions to instructions were overruled. The district court in its written opinion held that the will clearly indicated that the legacy was meant to be in payment for services, and that claimant had elected to receive her pay under the claim and had in fact elected not to accept the legacy. The application was denied and the applicant appeals to this court.

The appellant alleges as error the court's holding that Gunda Stephensen, applicant, had elected her remedy by filing claim against Adolph C. Johnson, executor of the estate of Mary C. Woodfin, deceased. She devotes a considerable part of her argument to the question of election of remedies. We doubt whether the question of election of remedies, as frequently discussed in the reports, enters much into the consideration of the question here at issue. The executor, appellee, did not, in his objections to the payment of the legacy, rely so much upon the claim of election of remedy as upon the appellant's election of her rights. There is no question but that appellant had the right to accept her bequest under the terms of the will. Neither is there any question but that she had a right to reject such legacy. The question in issue herein narrows down to claimant's right to have double payment for her services in caring for the decedent. There is no necessity for interpreting the will. It seems clear, as the trial judge found, that the bequest was conditional. The words of such bequest so indicate. The bequest was on the condition that the sister, appellant herein, care for Mrs. Woodfin during her declining days, and if she failed so to do, or was not "able to do so," then the money so bequeathed should be distributed as a part of the residuary estate. Gunda Stephensen could not take the bequest unless she complied with the condition thereof. She did so comply, but did not consider that the bequest was adequate payment for the services performed, so that in order to secure such adequate compensation she filed her claim and the same was duly allowed on verdict of the jury, and such verdict was confirmed by judgment.

Nothing in the proceedings indicates that any credit was claimed or given on appellant's claim now in judgment for the amount of the legacy. Therefore, this action of appellant is brought to recover, in addition to what has been adjudicated her, the amount of the legacy under the will, which legacy is for the same services covered by the claim filed and allowed by the court. We see no escape from the conclusion that the legacy was meant to be in payment for services, and being so, appellant would not be entitled, either by law or in good conscience, to be paid twice. We think citation of authority is not needed as to the effect of the third paragraph of the will. Counsel, and the judge in his opinion, consider and distinguish In re Estate of Hill, 230 Iowa 189, 297 N. W. 278. That case is not controlling here. The bequest to W. N. Graves and Florence Graves in the Hill case was not stated to be in consideration for services to be performed. Ordinarily, a legatee who has performed services may receive payment for such services, unless the will indicates the bequest is intended as payment therefor, and in some cases the bequest is presumed to be in payment. The defense in the Hill case, supra, was that there was a presumption that the bequest was in payment of a debt but the court held that under the circumstances the presumption was rebutted. The case is not authority for claimant's contention.

The district court in its opinion also cites various cases as supporting its view, among them Holmes v. Connell's Estate, 207 Mich. 663, 665, 175 N. W. 148, 149, which was a proceeding to collect a claim for services as housekeeper and nurse. In that case there was a legacy, and the recitations in the will were that the ''bequest is given as a token of my regard and appreciation of her services.'' Even under such provision, the court held claimant's acceptance of her legacy constituted payment. In re Mason's Will, 134 Misc. 902, 236 N. Y. S. 720, and In re Abruzzo's Estate, 137 Misc. 299, 242 N. Y. S. 499, also cited by the court in its opinion, hold the same, except that the amount of the legacy should be deducted from the amount of the claim. See, also, Gammon v. McDowell, 317 Mo. 1336, 298 S. W. 34, and McNaughton v. McClure, 169 Wis. 288, 171 N. W. 936.

We are satisfied that appellant, having proceeded to secure payment for her services in the manner that she did, cannot now recover the legacy under the will.—Affirmed.

All JUSTICES concur.