# IN THE COURT OF APPEALS OF IOWA

No. 23-2048
Filed September 4, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTONIO DAVID GOMEZ-EVANS,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Lawrence McLellan,

Judge.

    The defendant challenges his sentences.  **AFFIRMED.**

    Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

    Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.

    Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Antonio Gomez-Evans challenges the sentences imposed following his September 2023 guilty plea to eluding, in violation of Iowa Code section 321.279(3)(b) (2023) (count I); felon in possession of a firearm, in violation of sections 724.25 and 724.26(1) (count II); and possession of a controlled substance, third offense, in violation of section 124.401(5) (count III). Gomez-Evans takes issue with the district court's imposition of sentence, asserting the court failed to consider mitigating circumstances. After reviewing the facts and proceedings, we affirm the sentences.

**I. Background Facts and Prior Proceedings.**

In January of 2023, Des Moines Police Officer Cade Moritz observed Gomez-Evans driving without license plates. Officer Moritz initiated his emergency lights, and Gomez-Evans took off in the vehicle, with Moritz giving chase. Gomez-Evans wound through snow-lined streets at speeds of up to 100 miles per hour, colliding with "multiple fences" and an ill-fated tree. After striking the tree, Gomez-Evans was forcibly ejected from his vehicle. Officers arrested Gomez-Evans, who was without life-threatening injuries, without incident.

After the arrest, Des Moines Police Officer Trevor Hickey found a loaded semi-automatic "Glock" brand handgun immediately adjacent to Gomez-Evans's ultimate landing spot outside the vehicle. The firearm had an extended round magazine with a round located in the chamber.

After Gomez-Evans was transported to the hospital, officers found a baggie of brown powder in his pocket. The powder was later identified as heroin.

As a result of his conduct, the State charged Gomez-Evans with one class "C" felony, three class "D" felonies, and three traffic offenses.

To take responsibility and "move forward," Gomez-Evans chose to enter guilty pleas.[1] As part of a plea agreement reached with the State, the State agreed to be bound by the recommendation of the presentence investigation (PSI) report and Gomez-Evans retained the opportunity to argue for probation at the sentencing hearing. Both the State and Gomez-Evans agreed that any sentences would run consecutive to each other. Likewise, at the plea hearing, Gomez-Evans indicated that he understood the PSI report could recommend up to twenty years in prison if the preparer determined he should be incarcerated and not receive a suspended sentence and probation.

At the sentencing hearing, the district court stated:

> [T]he Court, in pronouncing sentence and judgment, has reviewed the [PSI] report. The Court has taken into account Mr. Gomez's age. The Court has taken into account the prior record of convictions, his employment and family circumstances. The Court has also taken into account his history of substance abuse and treatment that has occurred. The Court has also taken into account the nature of the offenses committed.
>     To the extent there is a plea agreement, the Court has taken that into account also. Also, the Court has considered all the sentencing options that are available under the applicable sentencing statutes. And the Court concludes that the following sentence and judgment provides the maximum opportunity for rehabilitation of Mr. Gomez and the protection of the community from further offenses by him.

The district court imposed a prison sentence of ten years on count I, five years on count II, and five years on count III, all to be served consecutively. Following the

---

[1] Although the district court referenced a "signed petition to plead guilty," it was not part of the record we have to review. Information concerning the substance of the plea agreement comes from district court hearing transcripts.

terms of the plea agreement, the district court then dismissed all remaining charges stemming from the underlying conduct, including the class "D" felony and three traffic offenses.

In the written order of disposition, the district court indicated that it considered numerous factors in sentencing, including each of the factors listed in Iowa Code section 907.5: Gomez-Evans's age, criminal record, employment history, family circumstances, mental-health history, substance-abuse history, the nature of the offense committed, the plea agreement, and the statutory sentencing requirements.  In addition, the district court cited the PSI report and Gomez-Evans's allocution as factors in determining the appropriate sentences.

Gomez-Evans appeals.

## II. Standard of Review.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  To show an abuse of discretion, the defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds.  *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

## III. Preservation of Error and Good Cause to Appeal.

Gomez-Evans appeals the discretionary sentence imposed by the district court.  The imposed sentence "may be challenged on direct appeal even in the absence of an objection in the district court."  *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).  Objections need not be raised during the imposition of sentence,

as it is "exceedingly unfair to urge that a defendant, on the threshold of being sentenced, must question the court's exercise of discretion or forever waive the right to assign the error on appeal."  *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998).

Additionally, because Gomez-Evans challenges the sentences imposed—not his guilty pleas—he has good cause for this appeal.  *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

**IV. Analysis.**

Gomez-Evans argues a single issue on appeal—the district court failed to articulate and consider mitigating factors, including his allocution, when deciding his sentencing.

During sentencing, the "court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.'"  *Damme*, 944 N.W.2d 98 106 (quoting *Formaro*, 638 N.W.2d at 725).  These factors provide the floor for the district court's analysis, but it may look to other relevant circumstances, "so long as those facts were sufficiently established by the record and were significant to the sentencing issue."  *State v. Manser*, 626 N.W. 2d 872, 874 (Iowa Ct. App. 2001).  The district court need not list with specificity each factor the court considered in sentencing.  *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[A] failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

"The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."  *State v. Gordon*, 998

N.W.2d 859, 863 (Iowa 2023). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Formaro*, 638 N.W.2d at 725. The sentencing court has broad discretion when deciding the appropriate weight to give each mitigating or aggravating factor. *Boltz*, 542 N.W.2d at 10 ("The court has discretion within the applicable statutory framework to determine the sentence which will best meet these goals."). As an additional concern, the district court determines which legally authorized sentence best provides for the rehabilitation of the defendant and the protection of the community. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022).

In the instant case, the district court considered a multitude of factors when formulating an appropriate sentence for Gomez-Evans. The district court specifically articulated that the court reviewed the PSI report, Gomez-Evans's age, his prior record of convictions, his employment, and family circumstances. The district court also considered Gomez-Evans's history of substance abuse and the nature of the offenses committed. After discussing these factors and Gomez-Evans's plea agreement, the district court ultimately decided to follow the recommendations set forth in the PSI report.

Although not articulated as a factor at the sentencing hearing, the district court specifically added that it considered "defendant's allocution" as a sentencing consideration in the written sentencing order. *See* Iowa R. Crim. P. 2.23(2)(f) (requiring that the reasons for the sentences imposed "appear[] in the record"). And during that allocution, Gomez-Evans took responsibility for the crimes and expressed remorse regarding his actions. The district court noted the

accomplishments that Gomez-Evans described in his allocution but referenced the seriousness and nature of the current criminal activity and pointed out that some of the crimes he committed in the past were when he was "either on probation or work release or parole."

Given this record, the district court did not abuse its discretion in imposing Gomez-Evans's sentence. Although Gomez-Evans may have wished for a lesser sentence, "[w]e find no evidence that the sentence was based on grounds that were untenable or unreasonable and thus find no abuse of discretion." *Gordon*, 998 N.W.2d at 863. We affirm the sentences imposed.

**AFFIRMED.**